OPINION
{¶ 1} Plaintiff-appellant, McCullough Builders, Inc. ("appellant"), appeals from the decision of the Painesville Municipal Court vacating a default judgment rendered in appellant's favor against defendant-appellee, Waterfield Financial Corp. ("Waterfield").
 {¶ 2} On September 9, 1999, appellant filed a complaint in the Painesville Municipal Court against Waterfield. Appellant unsuccessfully attempted service by certified mail. Appellant then issued process by regular mail, pursuant to Civ.R. 4.6, which was not returned.
 {¶ 3} On December 27, 1999, appellant filed a motion for default judgment because Waterfield did not respond to the complaint. The trial court rendered judgment against Waterfield for $6,780, plus interest, on February 18, 2000. On March 2, 2000, Waterfield contacted the trial court, requesting copies of the complaint and summons as it claimed not to have received either.
 {¶ 4} On February 14, 2001, Waterfield filed a Civ.R. 60(B) motion to vacate the judgment. Waterfield stated it vacated the premises to which appellant attempted service in December of 1998, well before the filing of the complaint. Waterfield claimed appellant's counsel was aware that it could be reached though its legal representatives. Waterfield maintained it first learned of the action when appellant's counsel sent a letter shortly after the default judgment was rendered. Waterfield stated it tried to work with appellant's counsel for several months after being contacted about the action, but the parties were unable to resolve the dispute. Waterfield contended that a default judgment can be properly vacated where one party does not receive mail service. Waterfield asserted its motion was timely as it had tried to resolve the matter prior to filing the motion. Waterfield stated it had a meritorious claim because there was no proof appellant had performed, thereby permitting Waterfield to release the funds as per the contract.
 {¶ 5} Appellant countered by asserting Waterfield lacked a meritorious defense. Appellant also stated that Waterfield would have been served by mail if it had left a forwarding address and that appellant complied with Civ.R. 4.6(C) to complete service.
 {¶ 6} On May 9, 2001 and July 2, 2001, the matter came before the magistrate for hearing. On July 3, 2001, the magistrate issued its decision that the judgment be vacated. Appellant did not file objections to the magistrate's decision. The trial court affirmed and adopted the magistrate's decision on July 3, 2001.
 {¶ 7} Appellant assigns the following error for review:
 {¶ 8} "[1.] The trial court committed reversible error when it granted appellee's motion to vacate judgment pursuant to Civ.R. 60(B)."
 {¶ 9} In its first assignment of error, appellant contends the trial court abused its discretion by granting Waterfield's motion to vacate pursuant to Civ.R. 60(B). Appellant asserts that Waterfield failed to satisfy the requirements to prevail under Civ.R. 60(B). Appellant maintains Waterfield lacked a meritorious defense, was not entitled to relief under Civ.R. 60(B), and did not file a timely motion.
 {¶ 10} Appellant did not file objections to the magistrate's report. Civ.R. 53(E)(3) provides that a party may not assign, as error on appeal, the trial court's adoption of any finding of fact or conclusion of law unless that party objects to that finding or conclusion. The failure to so object results in the party being precluded from raising the issue for the first time on appeal. Ravenna Police Dept. v. Sicuro, 11th Dist. No. 2001-P-0037, 2002-Ohio-2119, 2002 Ohio App. LEXIS 2099. If a party does not object, a trial court may adopt a magistrate's decision unless there is an error of law or other defect on the face of the magistrate's decision. A trial court should, prior to adopting the magistrate's decision, review the decision for any obvious errors. Cahill v. Phelps,
11th Dist. No. 2000-L-201, 2001-Ohio-8765, 2001 Ohio App. LEXIS 5447.
 {¶ 11} Because appellant did not file objections to the magistrate's decision, it cannot now appeal the adoption of the factual determinations by the trial court for the first time on appeal. Further, a review of the magistrate's decision and both parties' filings as to the Civ.R. 60(B) motion reveals no obvious error.
 {¶ 12} In this case, the facts were that the process by certified mail was refused. Appellant then completed service by ordinary mail pursuant to Civ.R. 4.6(D). Service under this rule is deemed complete when the fact of mailing is entered on the record. If the ordinary mail envelope is not returned, there is a presumption that proper service has been perfected. This is so if the ordinary mail is sent to an address where there is a reasonable expectation that it will be delivered to the defendant. Redfoot v. Mikouis (Nov. 29, 1996), 11th Dist. No. 96-T-5398, 1996 Ohio App. LEXIS 5415. That is a factual determination.
 {¶ 13} The presumption of proper service may be rebutted by sufficient evidence that service was not accomplished. Cincinnati Ins.Co. v. Emge (1997), 124 Ohio App.3d 61. Again, this requires a factual finding by the magistrate. The determination of whether service of process was sufficient in any particular case rests on the factual evaluation by the court and is within the sound discretion of the court.Thomas v. Corrigan (1999), 135 Ohio App.3d 340. An abuse of discretion connotes more than a mere error of law or judgment. Rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} A default judgment is void if service on the parties is not proper. Thomas, supra, at 343. The authority to vacate a void judgment derives not from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. Id. Therefore, a defendant's motion to vacate a judgment for improper service need not satisfy the requirements of Civ.R. 60(B). Id. This court has allowed Civ.R. 60(B) to be used as a mechanism to vacate a void judgment, although the procedure is unnecessary. Old Meadow Farm Co. v. Petrowski (Mar. 2, 2001), 11th Dist. No. 2000-G-2265, 2001 Ohio App. LEXIS 782. The decision of a trial court regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion. Friedman v. Kalail, 9th Dist. No. 20657,2002-Ohio-1501, 2002 Ohio App. LEXIS 1509.
 {¶ 15} Appellant does not dispute that Waterfield never actually received service and notice of the complaint. The trial court found that Waterfield vacated the location to which service was made approximately ten months earlier. Waterfield presented evidence that it did not receive the summons and complaint. Appellant offered nothing to refute Waterfield's lack of knowledge of the action. This was a simple credibility issue.
 {¶ 16} There was some competent, credible evidence to support the trial court's ruling. There was no objection to the magistrate's determination of those facts. Hence, there was no abuse of discretion when the trial court found that it was unnecessary for Waterfield to comply with all of the requirements of Civ.R. 60(B). Appellant's assignment of error is overruled. The judgment of the Painesville Municipal Court is affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.