[Cite as *Cincinnati v. Gammarino*, 2012-Ohio-4017.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NO. C-110764 |
| | | TRIAL NO. 10CV-09680 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| AL GAMMARINO, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 5, 2012

*John Curp*, City Solicitor, and *Joseph C. Neff,* Assistant City Solicitor, for Plaintiff-Appellee,

*Al Gammarino,* Pro se.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

{¶1} Defendant-appellant Al Gammarino appeals the judgment entered by the Hamilton County Municipal Court in a lawsuit filed by plaintiff-appellee city of Cincinnati to collect payment for city services.

### The City's Suit and Motion for Summary Judgment

{¶2} On April 8, 2010, the city filed a complaint in small-claims court to collect allegedly delinquent water-works payments. Gammarino filed an answer and a counterclaim. The case was transferred to the court's regular docket on May 13, 2010, and was set for trial on September 27, 2010.

{¶3} On September 22, 2010, the city filed a motion for summary judgment on its own claim and a motion for judgment on the pleadings with respect to Gammarino's counterclaim. Gammarino did not respond to the city's motion within the 14 days allotted by the local rules of the municipal court.

{¶4} On October 5, 2010, Gammarino filed a motion for an extension of time to respond to the city's motion. In support of his motion for an extension of time to respond, Gammarino argued that he had not received service of the city's motion. He claimed that he had discovered the motion on the website of the clerk of courts on October 5, 2010, the same date he had filed for an extension.

{¶5} The trial court heard arguments on Gammarino's motion for an extension of time to respond. The city presented the testimony of Joseph Neff, who at the time of the hearing was a law clerk for the city solicitor's office. On direct examination, Neff conceded that there had been an incorrect address on the certificate of service. But he testified that the office's computer software had retrieved the correct address, which was used when the motion was sent to Gammarino.

{¶6}     The trial court initially permitted Gammarino to cross-examine Neff on the issue of service, but the court then decided that it would not permit Gammarino to pursue the issue.  The court stated, "I wanted testimony - - sworn testimony in the record as if it was an affidavit.  So I am going to change my decision and I am not going to let you cross-examine."

{¶7}     The court concluded that service had been perfected, and it denied Gammarino's motion for an extension of time to respond.  The court granted the city's motion for summary judgment.

{¶8}     Gammarino appealed the grant of summary judgment.  But because his counterclaim was still pending, this court dismissed the appeal for lack of a final appealable order.  *City of Cincinnati v. Gammarino,* 1st Dist. No. C-100762 (Sept. 9, 2011).  Following our dismissal of the appeal, the trial court granted the city's motion to dismiss the counterclaim.  The instant appeal followed.

### Gammarino's Right to Cross-Examine the City's Witness

{¶9}     In his first assignment of error, Gammarino argues that the trial court erred in denying his motion for an extension.  He first maintains that the court erred in denying him the opportunity to cross-examine Neff.

{¶10}     Civ. R.5(A) requires every pleading subsequent to the complaint to be served on an opposing party, and Civ.R. 5(B) states that service may be made upon the party's last known address.  And while a trial court is not required to accept the self-serving affidavit or testimony of a defendant that he did not receive service, the court also may not dismiss an allegation of a lack of notice out of hand.  *Infinity Broadcasting, Inc. v. Brewer*, 1st Dist. No. C-020329, 2003-Ohio-1022, ¶ 8.  Rather, the court must hold a hearing from which the court may "assess the credibility of the defendant's assertion" with respect to service.  *Id.*, citing *Cincinnati Ins. Co. v. Emge,* 124 Ohio App.3d 61, 64-65, 705 N.E.2d 408 (1st Dist.1997).

{¶11}  In this case, we hold that the trial court erred in denying Gammarino the opportunity to cross-examine Neff. The trial court's decision to treat the testimony as if it were an affidavit ran counter to our holding in *Infinity,* which required a full hearing and an assessment of credibility. Especially in a case where the city conceded an error in the certificate of service, Gammarino was entitled to challenge the testimony of the witness who stated that service had been perfected. Only then could the trial court properly assess the credibility of Gammarino's assertion that he had not received the motion.

{¶12}  Accordingly, we sustain the first assignment of error to the extent that Gammarino challenges the denial of his right to cross-examine Neff. Although we express no opinion on whether the motion for an extension of time should be granted, we hold that Gammarino is entitled to a complete hearing on the issue of notice.

### The Grant of Summary Judgment

{¶13}  In his second and final assignment of error, Gammarino argues that the trial court erred in entering summary judgment in favor of the city. In light of the first assignment of error, we reverse the grant of summary judgment pending a full hearing on Gammarino's motion for an extension of time to respond. Thus, we sustain the second assignment of error, but we do not reach the merits of the city's claims.

### Conclusion

{¶14}  The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

4