CINCINNATI INSURANCE COMPANY et al., Appellees,

v.

EMGE, Appellant.

[Cite as *Cincinnati Ins. Co. v. Emge* (1997), 124 Ohio App.3d 61.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–961122.

Decided Nov. 7, 1997.

*Thomas K. McMackin,* for appellees.

*Edward O. Keller,* for appellant.

PAINTER, Presiding Judge.

In 1992, Cincinnati Insurance Company ("CIC"), plaintiff-appellee, served Ronald Emge, the defendant-appellant, with a summons for a lawsuit via certified and ordinary mail at 9137 Telawaney Court in Cincinnati. The certified mail was returned unclaimed, but the ordinary mail was not returned. After Emge failed to respond to the complaint, CIC obtained a default judgment against him.

Apparently, CIC knew that Emge had an address at 2974 Compton Road, which was ostensibly a business address. In fact, this address was next door to Vytautas Bieliauskas, plaintiff-appellee, to whose claim against Emge CIC was subrogated. Prior to the suit, CIC sent Emge three letters about the dispute to the Compton address but received no reply. For this reason, CIC claims that it did not serve Emge at this business address, but used "Trans Union," a commercial information database, to find Emge's residential address. Trans Union listed Emge's address as 9137 Telawaney Court.

Emge contends that he first received notice of the lawsuit in 1996, when he discovered a lien on his house. In his sole assignment of error, Emge asserts that the trial court erred in overruling his motion to set aside the default judgment.

■■■ Service of process must be reasonably calculated to notify interested parties of the pendency of an action and afford them an opportunity to respond.[1] A default judgment rendered without proper service is void.[2] A court has the inherent power to vacate a void judgment; thus, a party who asserts improper service need not meet the requirements of Civ.R. 60(B).[3]

■■■ The plaintiff bears the burden of ensuring proper service.[4] Without evidence to the contrary, the defendant's address used by the plaintiff in the complaint will be assumed to be a place where the defendant will receive service of process.[5] Where the plaintiff follows the civil rules, courts presume that service is proper unless the defendant rebuts the presumption with sufficient evidence.[6] If service by certified mail is returned and marked unclaimed, Civ.R. 4.6(D) allows for service by ordinary mail upon a written request filed with the clerk. If the ordinary mail is not returned, service is deemed complete.

---

1. See *In re Foreclosure of Liens* (1980), 62 Ohio St.2d 333, 16 O.O.3d 393, 405 N.E.2d 1030, paragraph one of the syllabus, citing *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; *Guildoo v. Ahmed* (Jan. 17, 1997), Montgomery App. No. 16014, unreported, 1997 WL 18049.

2. *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, syllabus.

3. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

4. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 11 OBR 471, 464 N.E.2d 538.

5. *Bank One Cincinnati, N.A. v. Wells* (Sept. 18, 1996), Hamilton App. No. C–950279, unreported, 1996 WL 526702.

6. *Id.; Caldwell v. Alston* (Oct. 2, 1996), Hamilton App. No. C–950688, unreported, 1996 WL 557801.

■ In this case, the certified mail was returned unclaimed, and CIC filed a written request for ordinary-mail service. The ordinary-mail envelope was never returned. Thus, CIC followed the civil rules for service of process, which created the presumption that service was properly made.

The thrust of Emge's argument is that the service of process was sent to an incorrect address—that Emge had not lived at 9137 Telawaney Court since 1985, some seven years before the suit. Emge filed an affidavit in which he asserts that he never received service of process and that his address is, and has been since 1985, 2974 Compton Road.

Some courts have held that an uncontroverted affidavit stating that the affiant did not receive service of process is enough to require that a default judgment be held void *ab initio*. See, *e.g.*, *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 17 OBR 120, 477 N.E.2d 1212.[7] In *Rafalski*, the court held that when a defendant seeking to vacate a judgment pursuant to Civ.R. 60(B) makes "an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." *Id.* at 66–67, 17 OBR at 122, 477 N.E.2d 1212, 477 N.E.2d at 1215.

■ However, other courts, including this court, have distinguished these cases and determined that a "self-serving" affidavit, even if uncontroverted, may not be enough.[8] When an evidentiary hearing is held and the trial court determines that it does not believe the defendant's testimony that service was not received, a self-serving affidavit does not rebut the presumption of proper service of process.[9]

No hearing was held on Emge's motion to set aside the default judgment. The trial court merely entered judgment overruling the Civ.R. 60(B) motion. Without a hearing, the trial court could not have appropriately assessed Emge's credibility or the persuasiveness of Emge's evidence and could not have determined whether

---

7. See, also, *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845; *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 23 O.O.3d 34, 429 N.E.2d 1188; *Babcock Dairy Co. v. Davis* (Aug. 12, 1983), Lucas App. No. L–83–142, unreported, 1983 WL 6910; *Community Ins. Co. v. Sullivan* (June 30, 1997), Franklin App. No. 96APE12–1750, unreported, 1997 WL 359270.

8. See *Caldwell v. Alston; United Home Fed. v. Rhonehouse* (1991), 76 Ohio App.3d 115, 601 N.E.2d 138; *Sec. Natl. Bank & Trust Co. v. Murphy* (July 20, 1989), Clark App. No. 2552, unreported, 1989 WL 80954; *Redfoot v. Mikouis* (Nov. 29, 1996), Trumbull App. No. 96–T–5398, unreported, 1996 WL 761224.

9. See *id.*

Emge was truthful in alleging that he did not receive proper service of process. At such a hearing, if the court finds that the plaintiff strictly complied with the civil rules regarding service, then the defendant has the burden to prove that service was not received.

In its memorandum in opposition to Emge's motion to vacate the default judgment, CIC attached as evidence a credit report from Trans World, prepared in 1996, which still listed Emge's home address at 9137 Telawaney Court. Although this may have weighed against Emge's position, it did not necessarily controvert Emge's claim that he did not receive the suit or even that he had not lived there for years—an equally likely analysis would be that the report has been incorrect all along. An evidentiary hearing is necessary on the issue of whether Emge did in fact receive service.[10]

We hold that the trial court erred in overruling Emge's motion to set aside the default judgment without holding an evidentiary hearing. We believe that this holding comports with the preference of courts to hear cases on their merits and the reluctance of courts to grant default judgments on technical grounds.[11] We thus reverse the decision of the trial court overruling the motion for relief from judgment and remand this cause to the trial court for further proceedings consistent with law.

*Judgment reversed*
*and cause remanded.*

DOAN and SUNDERMANN, JJ., concur.

---

**10.** See, *e.g., Ohio Civ. Rights Comm. v. First Am. Properties, Inc.* (1996), 113 Ohio App.3d 233, 680 N.E.2d 725; *Bailey v. Toopes* (Sept. 30, 1994), Miami App. No. 94–CA–13, unreported, 1994 WL 527825.

**11.** See, *e.g., Bank One Cincinnati, N.A. v. Wells; Rice v. Gen. Dynamics Land Sys.* (1993), 86 Ohio App.3d 841, 621 N.E.2d 1304.