MONEY TREE LOAN COMPANY, Appellee,

v.

WILLIAMS; Smith, d.b.a. Four Seasons Mortgage Company, Appellant.

[Cite as Money Tree Loan Co. v. Williams, 169 Ohio App.3d 336, 2006-Ohio-5568.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 87376.

Decided Oct. 26, 2006.

338

Jones Day, Andrew G. Fiorella, and Richard G. Stuhan, for appellant.

Melvin H. Banchek, for appellee.

NAHRA, Judge.

{¶ 1} In this case, defendant-appellant James Smith, d.b.a. Four Seasons Mortgage Company, appeals from the order of the Cuyahoga County Common Pleas Court denying his motion to vacate the entry of a money judgment against him. For the reasons set forth below, we vacate the order of the trial court denying the motion to vacate and remand this cause to that court for proceedings consistent with this opinion.

## I. Factual and Procedural Background

{¶ 2} On December 21, 1998, plaintiff Money Tree Loan Company[1] filed suit against Smith and defendant Carlton E. Williams, alleging that Williams, a loan officer, had resigned his employment with Money Tree in October 1998 and then improperly solicited or persuaded some number of Money Tree customers to close their mortgages and obtain financing through Smith instead of Money Tree, depriving Money Tree of the profits it would have gained from those transactions. Money Tree sought a temporary restraining order against any such future conduct and against the dissemination of any proprietary information, for injunctive relief, and for money damages. The trial court granted the request for a temporary restraining order and set the matter for a preliminary injunction hearing. While it seems that Williams participated throughout the proceedings, certified service of the summons and complaint upon Smith failed, and he did not appear.

{¶ 3} The docket reflects that Money Tree first attempted to perfect service upon Smith by way of certified mail. A docket entry dated January 25, 1999, states that this service was returned unclaimed; thus, this attempted service failed. The trial court subsequently issued an order appointing Thomas Maloney as a process server charged with personally serving Smith with the summons and complaint. While there is no further mention of service upon Smith in the docket, Money Tree submitted an instruction-for-service form directing Maloney to serve Smith personally at 2140 Lee Road, Suite 201, Cleveland Heights, Ohio, 44118, which Money Tree understood to be the business address of Smith, as the owner of Four Seasons Mortgage Company. A return-on-service form appended to Money Tree's response to Smith's motion to vacate the judgment against him documents that Maloney attempted delivery of the summons and complaint to Smith on February 18, 1999, "by leaving [it] at his usual place of business, Four Seasons Mortgage Company located at 2410 Lee Road in Cleveland, Ohio at approximately 3:00 p.m." As a final documentation of an attempt of service,

---

1. Money Tree is a mortgage brokerage company that lends money to consumers.

Money Tree submitted an affidavit with its response to the motion to vacate in which Maloney avers that in addition to the February 18, 1999 service attempt, he personally served a man who identified himself as Smith at his residence, located at 3714 Lindholm Road, Shaker Heights, Ohio, sometime in July 1999. Nevertheless, it is undisputed that Smith never entered an appearance, participated, or waived service of process at any point before the entry of final judgment below.

{¶ 4} Ultimately, the trial court referred this case to arbitration in March 1999. An arbitration panel heard the case, with Williams as the only participating defendant, and issued a report and award, dated May 5, 1999, finding in favor of Money Tree, and against both defendants Williams and Smith, in the amount of $18,650, plus interest. No party objected to these findings, and the trial court confirmed this award and entered final judgment against both defendants, jointly and severally, for this amount by journal entry dated June 8, 1999.[2]

{¶ 5} Money Tree filed a certificate of judgment against both defendants in the trial court, as reflected by docket entries dated January 21, 2000, and November 15, 2004. On May 19, 2005, Smith filed the motion to vacate the judgment that forms the basis of this appeal, Money Tree responded in opposition to the motion, and the trial court denied it without a hearing by journal entry dated November 3, 2005.

{¶ 6} Smith now appeals this ruling in four assignments of error, set forth in Appendix A. Smith argues that because he never received valid service of the summons and complaint in the case, the judgment is void as to him. In the alternative, Smith argues that the trial court erred in denying his motion to vacate without holding a hearing. Because Assignments of Error I through III attack the order denying the motion to vacate for various reasons, and Assignment of Error IV objects to the entry of the order without a hearing, we will resolve them collectively.

## II. Applicable Law

{¶ 7} The trial court's determination of whether service was completed will not be disturbed absent an abuse of discretion. *Ramirez v. Shagawat,* Cuyahoga App. No. 85148, 2005-Ohio-3159, 2005 WL 1490125, citing *Talarek v. Miles* (July 23, 1997), Lorain App. No. 96 CA 006567, 1997 WL 422887, and *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 66, 17 OBR 120, 477 N.E.2d 1212. "An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. A judge commits an abuse of discretion in issuing a

---

2. This entry is reflected on the docket by entry dated June 14, 1999.

decision that is without a reasonable basis or is clearly wrong. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199.

{¶ 8} A court acquires personal jurisdiction over a party in one of three ways: (1) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or his counsel that involuntarily submit him to the court's jurisdiction. *Austin v. Payne* (1995), 107 Ohio App.3d 818, 821, 669 N.E.2d 543, citing *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 11 OBR 471, 464 N.E.2d 538. A trial court lacks jurisdiction to render a judgment against a defendant if effective service of process has not been made on the defendant and the defendant has not appeared in the case or waived service. *Bowling v. Grange Mut. Cas. Co.*, Franklin App. No. 05AP–51, 2005-Ohio-5924, 2005 WL 2981247, citing *Rite Rug Co., Inc. v. Wilson* (1995), 106 Ohio App.3d 59, 62, 665 N.E.2d 260. Any judgment rendered in an action in which there has not been proper service is void ab initio. *Clark v. Marc Glassman, Inc.*, Cuyahoga App. No. 82578, 2003-Ohio-4660, 2003 WL 22053446, at ¶ 17.

{¶ 9} Civ.R. 4.1 outlines how a plaintiff may effect proper service of a summons and complaint upon a defendant. Case law interpreting this rule and defining the parameters of constitutionally sufficient due process holds that service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Akron–Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406, 16 O.O.3d 436, 406 N.E.2d 811, quoting *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865. In order for service of process to a business address to be "reasonably calculated" to apprise an individual of an action, "the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Bell v. Midwestern Educational Serv., Inc.* (1993), 89 Ohio App.3d 193, 202, 624 N.E.2d 196.

{¶ 10} The plaintiff in a case bears the burden of achieving proper service on a defendant. *Cincinnati Ins. Co. v. Emge* (1997), 124 Ohio App.3d 61, 63, 705 N.E.2d 408. In those instances where the plaintiff follows the Ohio Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Rafalski*, 17 Ohio App.3d 65, 17 OBR 120, 477 N.E.2d 1212; *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 23 O.O.3d 34, 429 N.E.2d 1188. The "party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process." *United Ohio Ins. Co. v. Rivera* (Dec. 11, 1998), Ashtabula App. No. 98–

A–0026, 1998 WL 965989. When a party seeking an order to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. *Jacobs v. Szakal,* Summit App. No. 22219, 2005-Ohio-2146, 2005 WL 1026685; *Clark,* 2003-Ohio-4660, 2003 WL 22053446; *Plain Dealer Publishing Co. v. Percaiz,* Cuyahoga App. No. 82205, 2003-Ohio-4347, 2003 WL 21957117; *Cox v. Franklin* (Jan. 10, 1974), Cuyahoga App. No. 32982. While a trial court is not always required to give preclusive effect to a movant's sworn statement that he did not receive service of process when the record contains no other indication that service was ineffectual, *TCC Mgt. v. Clapp,* Franklin App. No. 05AP–42, 2005-Ohio-4357, 2005 WL 2008677, citing *Oxley v. Zacks* (Sept. 29, 2000), Franklin App. No. 00AP–247, 2000 WL 1455289, "[i]t is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." *Rafalski,* 17 Ohio App.3d at 67, 17 OBR 120, 477 N.E.2d 1212. Such a sworn statement at least warrants the trial court in conducting a hearing to determine the validity of the movant's statement. *Nationwide Ins. Co. v. Mahn* (1987), 36 Ohio App.3d 251, 522 N.E.2d 1096; *Wilson's Auto Serv., Inc. v. O'Brien* (Mar. 4, 1993), Franklin App. No. 92AP–1406, 1993 WL 54667.

{¶ 11} Thus, a trial court errs in summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing. Id., as cited in *Patterson v. Patterson,* Cuyahoga App. No. 86282, 2005-Ohio-5352, 2005 WL 2471012.

### III. Analysis

{¶ 12} The parties agree that Money Tree's attempt to perfect service upon Smith by certified mail when the complaint was filed failed, and the docket confirms this. The disposition of this case is governed by whether Money Tree can demonstrate, or Smith can rebut or deny, that attempted personal service to Smith at his business address on February 18, 1999, or to his home in July 1999, was effective.

{¶ 13} As regards the February 18, 1999 attempt at service, Smith attached an affidavit to his motion to vacate in which he averred as follows:

1. He never received notice, summons or a complaint in this case;

2. He did not learn of the judgment rendered sub judice until November, 2004;

3. Beginning in December, 1996, his business address was 2140 Lee Road, Cleveland Heights, Ohio, 44118, but that he leased Suite 211 of the premises,

and that he occupied Suite 201 for approximately six weeks in late 1996, before moving to Suite 211;

4. He closed his business and vacated the premises at Suite 211 before November 30, 1997.

{¶ 14} In response to these averments, Money Tree argues that Maloney's service to what it characterizes as Smith's business address (Suite 201) was reasonably calculated to reach him. It also submitted Maloney's affidavit, indicating that he did deliver a summons and complaint to this address on February 18, 1999.

{¶ 15} In addition, Money Tree submitted a fax form from Smith, dated January 6, 1998, indicating that his business was located in Suite 201 (and not Suite 211, as he attested), and a copy of a notarized Ohio Department of Commerce Division of Financial Institutions "1997 Renewal Form," signed by Smith, and indicating that his business had not changed locations "within the past year." [3]

{¶ 16} This evidence puts in issue whether Smith's business was located at the Lee Road address when service was attempted there and requires a hearing to resolve this question. The trial court's denial of Smith's motion to vacate the judgment against him without holding a hearing constituted an abuse of discretion. *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845. "While the affidavits [submitted by Smith] may be self-serving, without a hearing, the trial court could not appropriately assess the appellants' credibility or the persuasiveness of the appellants' evidence and could not determine whether appellants were truthful in alleging that they did not receive proper service of process." *Ohio Mut. Ins. Co. v. DeLong* (Aug. 28, 2000), Fairfield App. No. 00CH17, 2000 WL 1275576, citing *Cincinnati Ins. Co. v. Emge* (1997), 124 Ohio App.3d 61, 705 N.E.2d 408. Therefore, the trial court's failure to hold a hearing before denying Smith's motion to vacate constitutes reversible error.

{¶ 17} As to the July 1999 attempt at service, Money Tree argued in its response to Smith's motion to vacate that service should be deemed had upon Smith, in the first instance, because Maloney averred that he personally served a man who identified himself as Smith at the man's home. However, this service, by Maloney's admission in his affidavit, occurred, if at all, in July 1999. As the record in the case currently stands, the trial court rendered final judgment against both Mr. Williams and Mr. Smith in mid-June, 1999.

---

3. Smith argues that the trial court accepted and considered these documents in violation of the Rules of Evidence. Because we remand this cause for hearing, this issue becomes moot.

{¶ 18} It is axiomatic that a court may not render a judgment against a defendant upon whom it has no personal jurisdiction, see *Clark*, 2003-Ohio-4660, 2003 WL 22053446, and the trial court may acquire personal jurisdiction over a defendant, as is relevant here, only through a plaintiff's effective service of process.[4] The July 1999 service upon Smith could not provide the trial court with jurisdiction to enter the earlier judgment in June 1999.

{¶ 19} However, the existence or validity of Money Tree's alleged July 1999 residence service of the summons and complaint may become an important issue if, upon remand, the trial court finds that Money Tree's alleged February 18, 1999 personal service attempt upon Smith at his place of business was ineffective and vacates the judgment rendered in June 1999 as to Smith. Should the trial court, after conducting a hearing on the matter, conclude that Money Tree's February 1999 attempted personal service of the summons and complaint upon Smith was invalid, it should then determine whether residence service upon Smith occurred in July 1999. If so, it should proceed to conduct further proceedings on the merits.

### IV. Conclusion

{¶ 20} Smith's second and fourth assignments of error have merit. As resolution of these assignments dispose of this appeal, Assignments of Error I and III are moot.

{¶ 21} Accordingly, we reverse. The trial court's order denying Smith's motion to vacate the judgment against him is vacated, and this cause is remanded for a hearing to determine whether Smith ever received service of the summons and complaint prior to the entry of judgment in June 1999. Should the trial court find after holding a hearing that Smith did receive valid service of the complaint and summons at his alleged place of business on February 18, 1999, it shall deny the motion to vacate. If it finds that the February 1999 service was not valid, it shall vacate the June 1999 judgment and, if it finds that service was made in July 1999 proceed with the resolution of the case on the merits.

Judgment accordingly.

DYKE, A.J., and CELEBREZZE, J., concur.

JOSEPH J. NAHRA, J., retired, of the Eighth Appellate District, sitting by assignment.

---

4. Money Tree does not argue that Smith ever entered an appearance, waived service of process, or otherwise involuntarily submitted to the jurisdiction of the trial court. *Maryhew v. Yova*, 11 Ohio St.3d 154, 11 OBR 471, 464 N.E.2d 538.

### Appendix A—Appellant's Assignments of Error

I. The trial court erred to the prejudice of defendant–appellant James Smith by denying his Motion to Vacate Judgement and Remove Lien As Void For Failure of Service of Process ("Motion to Vacate") and failing to recognize that it lacked personal jurisdiction to render judgment against Mr. Smith when service of process did not comport with the Ohio Civil Rules.

II. The trial court erred to the prejudice of defendant–appellant James Smith by denying James Smith's Motion to Vacate when he submitted unchallenged evidence that he did not receive service.

III. The trial court erred to the prejudice of defendant–appellant James Smith when it considered improper evidence in denying the Motion to Vacate.

IV. The trial court erred to the prejudice of defendant–appellant James Smith by failing to hold a hearing on his Motion to Vacate when defendant–appellant James Smith submitted a sworn statement that he did not receive service.