JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the record from the lower court and appellant's brief. Appellant, Adam Madani, appeals the trial court's denial of his motion to vacate a default judgment. For the reasons set forth below, we reverse and remand.
 {¶ 2} On January 8, 2007, plaintiff-appellee, Sebti Lakhodar, filed a complaint in the Cuyahoga County Court of Common Pleas seeking money damages in excess of $25,000 allegedly owed to him by appellant as the result of a failed business partnership.
 {¶ 3} An attempt to serve appellant by certified mail at his Akron address was unsuccessful. The post office returned the certified mail stamped "unclaimed." On March 15, 2007, appellant was served by ordinary mail at the same address. The complaint was not returned to the clerk of court's office. No answer was filed, and on August 17, 2007, a default judgment in the amount of $25,000 was rendered against appellant.
 {¶ 4} The court's docket reflects that the August 17, 2007 notice of judgment was returned by the U.S. Postal Service for "failure of service due to forward time expired" and a new address was provided for appellant in North Carolina. The entry shows the trial court resent the postcard by ordinary mail to appellant's new address on August 23, 2007. *Page 4 
 {¶ 5} On December 28, 2007, appellant, through counsel, filed a motion to vacate the default judgment. In the affidavit attached to the motion, appellant stated that he had been a resident of North Carolina since August 2006 and had not received a copy of the complaint or the motion for default judgment. He stated that the first notice he received was notice of the judgment against him from the trial court which he received after August 23, 2007.
 {¶ 6} On May 6, 2008, the trial court summarily denied appellant's motion to vacate.
 {¶ 7} Appellant assigns two errors on appeal.
 {¶ 8} "I. The trial court abused its discretion by denying the Appellant's motion in the lower court to vacate the default judgment entered against the Appellant/Defendant supported by the uncontroverted affidavit of the Appellant/Defendant that he in fact did not receive a copy of the complaint.
 {¶ 9} "II. The trial court abused its discretion by entering a default judgment against the Appellant prior to the Appellant receiving a copy of the complaint as shown by the docket entry dated 8-23-07. The docket entry dated 8-23-07 supports the Appellant's affidavit that he did not receive a copy of the complaint prior to the entering of the default judgment."
 {¶ 10} Both of appellant's assigned errors challenge the validity of the service of process and will be addressed together. *Page 5 
 {¶ 11} A trial court lacks jurisdiction to render a judgment against a defendant if effective service of process has not been made on the defendant and the defendant has not appeared in the case or waived service. Money Tree Loan Co. v. Williams, 169 Ohio App.3d 336,2006-Ohio-5568, _10. A judgment in the absence of personal jurisdiction over the defendant is void. Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64. The trial court's determination of whether service was completed will not be disturbed absent an abuse of discretion. MoneyTree Loan Co. v. Williams, supra.
 {¶ 12} In order for service of process to be valid, the plaintiff must satisfy the requirements set forth in the Ohio Rules of Civil Procedure. Civ. R. 4.1 provides for service of the summons and complaint by certified mail. However, if certified mail service is returned with an endorsement showing that the envelope was unclaimed, Civ. R. 4.6(D) permits the use of ordinary mail to achieve service of process. Ordinary mail service is deemed complete if the ordinary mail envelope is not returned with an endorsement showing failure of delivery.
 {¶ 13} Where the civil rules on service of process have been followed, there is a presumption of proper service unless the defendant rebuts this presumption with sufficient evidence of non-service. Rafalski v.Oates (1984), 17 Ohio App.3d 65, 66; Grant v. Ivy (1980),69 Ohio App.2d 40. In Rafalski this court held: "Where a party seeking a motion to vacate makes an uncontradicted sworn *Page 6 
statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ. R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it."17 Ohio App.3d at 66.
 {¶ 14} In the instant case, it is undisputed that appellee followed the civil rules on service of process. Accordingly, a rebuttable presumption arose that service was proper. Appellant rebutted that presumption with a sworn statement. Appellant's sworn statement that he never received a copy of the complaint was uncontested by appellee.[1]
"It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." Rafalski,17 Ohio App.3d at 67. At the least, such a sworn statement warrants the trial court conducting a hearing to determine the validity of the movant's statement. Patterson v. Patterson, Cuyahoga App. No. 86282,2005-Ohio-5352, citing Nationwide Ins. Co. v. Mahn (1987),36 Ohio App.3d 251; Wilsons Auto Serv., Inc. v. O'Brien (Mar. 4, 1993), Franklin App. No. 92AP-1406. The trial court neither held a hearing nor stated its reasons for denying appellant's motion.
 {¶ 15} For the foregoing reasons, we find that the trial court abused its discretion in denying appellant's motion to vacate the judgment for lack of *Page 7 
service. Therefore, appellant's assignments of error are well-taken and are sustained.
 {¶ 16} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and ANN DYKE, J., CONCUR
[1] Appellee, pro se in this case, did not oppose appellant's motion to vacate in the trial court. Appellee's appellate brief was stricken for non-compliance with the Rules of Appellate Procedure. *Page 1