[Cite as *Goldman v. Singleton*, 2014-Ohio-936.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100297

---

# BRIAN GOLDMAN

### PLAINTIFF-APPELLEE

vs.

# DANIELLA SINGLETON

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2012 CVI 009794

**BEFORE:**  S. Gallagher, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**  March 13, 2014

**FOR APPELLANT**

Daniella Singleton, pro se
3822 Tremont Road
Cleveland Heights, Ohio   44121


**FOR APPELLEE**

Brian Goldman, pro se
540 N. State Street, #3007
Chicago, Illinois   60654

SEAN C. GALLAGHER, P.J.:

**{¶1}** Appellant Daniella Singleton, pro se, appeals from the judgment of Cleveland Municipal Court, Small Claims Division in favor of appellee Brian Goldman, pro se, in the amount of $3,000 and interest.   For the following reasons, we affirm.

**{¶2}** In 2011, Singleton rented an apartment from Goldman in Woodland Hills, California.   Several months later, and during the term of the lease agreement, Singleton vacated the apartment and moved back to Cleveland, Ohio.   Goldman, initiated a small claims action to collect unpaid rent in Cleveland Municipal Court in June 2012, serving Singleton at her Broadview Road address on August 21, 2012.   Singleton defaulted, and the court granted a default judgment in favor of Goldman.   In November 2012, Singleton filed a motion to vacate the judgment pursuant to Civ.R. 60(B)(1), claiming that although the address used for service was correct, she "was not in Ohio at the time of service." Over Goldman's objection, the trial court vacated the default judgment and set the matter for trial.

**{¶3}** After a trial on the merits, the trial court again granted judgment in favor of Goldman and against Singleton for the unpaid rent.   The record does not contain a transcript of the proceedings.   Singleton appealed this judgment, raising as her sole assignment of error that the trial court lacked jurisdiction to enter judgment because the service of process was insufficient.   We find no merit to Singleton's argument.

**{¶4}** It is the plaintiff's burden to achieve proper service on a defendant pursuant to the Rules of Civil Procedure.   *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d

336, 341-342, 2006-Ohio-5568, 862 N.E.2d 885 (8th Dist.), citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). "In those instances where the plaintiff follows the Ohio Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service." *Id.,* citing *Rafalski v. Oates*, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (8th Dist.1984). Further,

> "[s]ervice of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Rokakis v. Estate of Thomas*, 8th Dist. Cuyahoga No. 89944, 2008-Ohio-5147, ¶ 11. "It is not necessary that service be attempted through the most likely means of success * * *; it is sufficient that the method adopted be 'reasonably calculated' to reach its intended recipient.*" Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980).

*Campolieti v. Cleveland Dept. of Pub. Safety*, 8th Dist. Cuyahoga No. 99445, 2013-Ohio-5123, ¶ 12. The "'party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process.'" *Id.*, quoting *United Ohio Ins. Co. v. Rivera*, 11th Dist. Ashtabula No. 98-A-0026, 1998 Ohio App. LEXIS 5980 (Dec. 11, 1998).

{¶5} In this case, Singleton, in her November 2012 motion to vacate the default judgment, acknowledged residing at the address at which the service of process was directed. She claimed, without demonstrating, that she was outside of Ohio during the times of service and, therefore, never physically received a copy of the complaint — intimating insufficiency of process. Service was perfected at the address where Singleton admittedly resided in August 2012, and we note that nothing in the record of

this appeal demonstrates that service of process was not reasonably calculated to afford her the opportunity to respond. Nevertheless, upon her motion, the trial court vacated the entry of default judgment pursuant to Civ.R. 60(B)(1) and set the matter for a trial on the merits.

{¶6} According to an unsubstantiated argument in this appeal, Singleton claims the trial court erred by denying her oral motion to dismiss Goldman's claim, made at the start of the trial, in light of the insufficient service of process. Singleton failed to include a transcript of the proceedings, so we must presume regularity. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 14. As a result, we must presume the trial court's decision to deny any oral motion to dismiss the claims because of insufficiency of process was either based on Singleton's inability to present evidence sufficient to satisfy her burden to demonstrate a defect or irregularity in the service of process or her failure to timely advance the affirmative defense.

{¶7} In Singleton's motion to vacate the original default judgment, she indicated she was "outside of Ohio," but resided at the address to which service was directed. Service of process at her Broadview Road residential address was appropriate and reasonably calculated to afford her an opportunity to respond. Nothing in the record demonstrates that service at the Broadview Road address was insufficient or improper. *Money Tree Loan Co.*, 169 Ohio App.3d 336, 341-342, 2006-Ohio-5568, 862 N.E.2d 885.

The mere fact she did not respond to the complaint is not evidence of a defect or irregularity in the service of process.

{¶8} Singleton's reliance on *First Bank of Marietta v. Cline*, 12 Ohio St.3d 317, 466 N.E.2d 567 (1984), for the proposition that challenges to service are not waived even if not raised in the first responsive pleading or preliminary hearing, is misplaced. In that case, the Ohio Supreme Court held that a party need not request a preliminary hearing after preserving the affirmative defense in the responsive pleading. *Id.* There is no evidence in the record to substantiate Singleton's claim that service of process was insufficient, nor is there any indication that she raised the affirmative defense in a timely manner.

{¶9} Singleton conceded she lived at the address at which service was perfected. Her sole claim that she never actually received a copy of the complaint is unsubstantiated, and further, there is nothing in the record indicating she raised the affirmative defense of insufficiency of process in a timely manner. Civ.R. 12(H). After the trial court granted her motion to vacate the default judgment, Singleton fully participated in the trial process, including discovery, and according to her unsubstantiated claim in this appeal, Singleton did not raise the insufficiency of process claim until the morning of trial. Finally, Singleton bore the burden of demonstrating a defect or irregularity in the service of process. Upon the record as presented in this appeal, nothing demonstrates that Singleton satisfied this burden, and therefore, we must affirm the judgment of the trial court.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER,  PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR