[Cite as *Bank of Am. v. Moore*, 2014-Ohio-1111.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

BANK OF AMERICA, N.A.

　　　　Plaintiff-Appellee

v.

RONALD MOORE, et al.

　　　　Defendants-Appellants

Appellate Case No. 25762

Trial Court Case No. 2013-CV-1652

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of March, 2014.

. . . . . . . . . . .

JASON A. WHITACRE, Atty. Reg. No. 0077330, and ASHLEY E. MUELLER, Atty. Reg. No. 0084931, 4500 Courthouse Boulevard, Suite 400, Stow, Ohio 44224
　　　　Attorneys for Plaintiff-Appellee

RONALD MOORE, 121 Redder Avenue, Dayton, Ohio 45405
　　　　Defendant-Appellant-pro se

DEBRA MOORE, 121 Redder Avenue, Dayton, Ohio 45405
　　　　Defendant-Appellant-pro se

. . . . . . . . . . . .

WRIGHT, J., sitting by assignment.

{¶ 1} This appeal is from a default judgment in a foreclosure action before the Montgomery County Court of Common Pleas. Appellants, Ronald and Debra Moore, maintain that the judgment must be reversed because they were never afforded proper notice that their home and property could be subject to foreclosure. For the following reasons, this court concludes that appellants have failed to establish error.

{¶ 2} The underlying case was instituted by appellee, Bank of America, N.A., on March 14, 2013. In its foreclosure complaint, appellee alleged it was entitled to enforce a promissory note and mortgage that appellants previously executed regarding real estate located at 121 Redder Avenue, Dayton, Ohio. Appellee also alleged appellants were in default on the note as a result of failing to make necessary payments.

{¶ 3} In its instructions for service, appellee requested that both appellants be personally served. Service of the complaint and summons was completed by a deputy sheriff on March 15, 2013. In the return of service, the deputy stated that he personally served Debra Moore at the residence. As to Ronald Moore, the deputy indicated that he left a copy of the complaint and summons for Ronald at the residence with Debra.

{¶ 4} Appellants did not file an answer or otherwise make an appearance in the case. As a result, on April 16, 2013, appellee filed a motion for a default judgment on its entire complaint. Three days later, the trial court rendered a final judgment granting appellee's motion and entering a foreclosure order on the real property. Specifically, the court ordered that, unless

appellants exercised their equity of redemption within three days of the judgment, appellee could take the required steps to schedule a Sheriff's sale for the property.

{¶ 5} In appealing the default judgment, appellants have not filed an appellate brief, as expressly required under App.R. 16. Instead, they have only submitted a one-page statement in which they request that the default judgment be vacated due to a lack of proper notice. According to appellants, although they received a letter in early March 2013 from an attorney stating that he had been retained by appellee, they were not provided with an official notice that the attorney "had filed the documents to get a foreclosure started on our property."

{¶ 6} As a general proposition, a trial court does not have the authority to enter judgment against a defendant unless effective service of process has been made, the defendant has made an appearance in the case, or service has been waived. *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 8 (8th Dist.). As to the service of process, Civ.R. 4.1 provides for three methods of serving the complaint and summons in a civil case: service by certified or express mail, personal service, and residence service. Regarding the latter two methods, the rule states that, once service upon the defendant himself or at his residence has been achieved, the person serving the documents must note the act upon the "process" and return it to the clerk of courts so that an appropriate entry can be made upon the appearance docket. *See* Civ.R. 4.1 (B) & (C).

{¶ 7} Civ.R. 4.1(B) further provides that if personal service has been requested in writing by the plaintiff, "service of process shall be by that method." However, despite the express language of the rule, if personal service of the complaint and summons cannot be obtained, residence service can be used as a substitute method: "[A] defendant has no valid objection if

residence service which is otherwise proper is effected after the plaintiff requests personal service." *In re: Alexander-Segar*, 2d Dist. Montgomery No. 22080, 2008-Ohio-1580, ¶ 12.

{¶ 8} The plaintiff in a case bears the burden of achieving proper service on a defendant.  * * *.  In those instances where the plaintiff follows the Ohio Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service. * * *.  The "party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process." * * *.  (Citations omitted.) *Williams, supra*, at ¶ 10.

{¶ 9} In this action, the deputy sheriff returned two separate "processes" to the clerk of courts.  In the first, the deputy stated that he was able to personally serve Debra Moore with the complaint.  In the second, the deputy indicated he completed residence service upon Ronald Moore by leaving another copy of the complaint with Debra at their residence.  Given that the use of residence service is appropriate if Ronald Moore was not present to accept personal service, the presumption of effective service maintains because Civ.R. 4.1 was followed by appellee and the deputy sheriff.

{¶ 10} Appellants never sought to contest the completion of service through the filing of a pre-judgment or post-judgment motion.  As a consequence, the record is void of any evidence supporting appellants' assertion that they were never given notice of the pendency of the foreclosure case.  In light of the fact that the "service" issue has not been litigated before the trial court, the presumption of effective service is controlling.

{¶ 11} In relation to appellee's motion for a default judgment, Civ.R. 55(A) states that if a defendant has already made an appearance in the action, the trial court cannot go forward on the matter until the defendant has been served with written notice of the motion. However, if the defendant has made no appearance, the notice requirement is not applicable. *Darke Cty. CSEA v. Weaver*, 2d Dist. Darke No. 98-CA-1469, 1999 WL 249145, *3 (April 16, 1999). Accordingly, since appellants did not file an answer or otherwise appear, the trial court's immediate issuance of the final judgment was permissible under Civ.R. 55(A).

{¶ 12} Finally, as a separate contention in their one-page statement, appellants assert that the foreclosure order must be vacated because, during the pendency of this appeal, they have negotiated a modification of the loan with appellee. In support of this assertion, they have attached to their statement copies of two letters they have received from appellee. Without commenting upon the merits of this point, the scope of our review is limited to materials set forth in the trial record; i.e., we cannot consider materials that were not before the trial court prior to the institution of the appeal. *See Cincinnati Ins. Co v. Jacob*, 2d Dist. Montgomery No. 25407, 2013-Ohio-2573, ¶ 13. To this extent, appellants' statement, submitted in lieu of an appellate brief, fails to assert any viable argument for reversing the foreclosure order, as stated in the default judgment.

{¶ 13} For the reasons discussed above, the judgment of the Montgomery County Court of Common Pleas is hereby affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

(Hon. Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Jason A. Whitacre
Ashley E. Mueller
Ronald Moore
Debra Moore
Hon. Gregory F. Singer