**[Cite as *In re R.L.H.*, 2014-Ohio-3411.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100327**

---

**IN RE: R.L.H.**
**A Minor Child**

[Appeal By R.H., Mother]

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU-04110530

**BEFORE:** McCormack, J., Boyle, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

**FOR APPELLANT**

R.H., pro se
1639 Holyrood Road
Cleveland, Ohio   44106


**FOR APPELLEE**

C.W., III, pro se
3687 Normandy Road
Shaker Heights, Ohio   44120

TIMOTHY McCORMACK, J.:

{¶1} Appellant, R.H., pro se, appeals from the trial court's order granting a change in the summer visitation schedule and exchange procedure sought by her and appellee, C.W., involving their minor child. R.H. also appeals the denial of several motions she filed. C.W. did not participate in this appeal. After a careful review of the record and applicable law, we affirm the decisions of the trial court.

## Procedural History and Substantive Facts

{¶2} The state of the record and brief in this case leaves many pertinent facts murky. From the truncated record, the following facts are derived.

{¶3} R.H. and C.W. had a child together in 2001. A Child Support Enforcement Agency ("CSEA") administrative proceeding on July 26, 2001, resulted in a finding that C.W. was the father of the child. The administrative order determined that C.W. was the biological father as shown by a DNA test and established support obligations for C.W. In 2004, C.W. moved for custody of the child. On September 26, 2008,[1] C.W. was granted legal custody and became the residential parent of the child, and a visitation and support schedule[2] for R.H. was set up. Problems arose with the location for the exchange of the child, summer

---

[1] At oral argument, R.H. indicated custody was awarded to C.W. in 2006, and the 2008 date was an error.

[2] A later journal entry adopting a magistrate's decision, journalized on January 17, 2012, ordered R.H. to pay $139.67 per month in support.

shared parenting arrangements were interrupted by the child's extracurricular activities leading to unequal parenting time, and an altercation between R.H. and C.W.'s spouse transpired during an exchange of the child. As a result, the parties filed several motions. On September 29, 2011, C.W. sought a modification of certain aspects of the visitation schedule and procedures. R.H. sought other modifications and additionally filed several other motions as outlined below. A temporary order was issued to resolve some of the issues while the motions were pending.

{¶4} On May 13, 2013, a hearing was conducted before a magistrate on these motions. The magistrate issued a written decision on July 2, 2013. The magistrate's decision lists the motions filed by the parties as:

1) Motion to Strike the Motion to Establish Support; Motion to Show Just Cause; Motion to Set Aside Judge Order; Motion of Objection to an Administrative Order Determining the Existence of a Parent-Child Relationship; Motion for Emergency Change of Custody; Motion for Court Ordered Exam; Motion to Subpoena/Review CCDCSF [sic] Record In Camera — all filed by Mother, [R.H.], as one eleven (11) page motion on April 14, 2011;

2) Motion to Dismiss All Said Motions by Defendant — filed by Father, [C.W.], on April 29, 2011;

3) Motion to Modify Current Visitation Schedule — filed by * * * [C.W.] on September 29, 2011;

4) Motion to Modify Current Order — filed by * * * [R.H.], on April 25, 2012;

5) Motion to Modify Custody Order — filed by * * * [R.H.], on May 4, 2012;
6) Motion to Modify Current Order — filed by * * * [R.H.], on June 7, 2012;

7) Motion for Stay of Execution — filed by * * * [R.H.], on June 7, 2012[.]

{¶5} The magistrate heard testimony from R.H., C.W., and the guardian ad litem ("GAL") for the child. The magistrate recognized that the GAL did not file a report, but heard testimony and allowed the parties to cross-examine the GAL. The magistrate found that no change in circumstance had occurred that would necessitate a change in the custodial terms of the prior court decree. However, the magistrate found that certain provisions regarding exchanges of the child, summer activities, and parenting time required modification. The magistrate recommended that the location of exchanges be changed from the address where C.W. no longer resided to a restaurant parking lot the court deemed was centrally located between the addresses of the two parties. The magistrate also recommended a change in summer parenting time to allow for more equal time factoring in the activities of the child.

{¶6} With regard to R.H.'s motions, the magistrate stated that her motion to strike, motion to establish support, and motion objecting to the administrative order establishing a parent-child relationship were duplicative of motions filed

previously, which had been denied on June 20, 2011. The motion for court-ordered examination was granted on April 18, 2012, and an examination was conducted by the "Court Diagnostic Clinic." The magistrate ruled on R.H.'s other combined motions as follows:

> Mother's motion to Show Just Cause *is dismissed* as it [] fails to comport with statutory requirements and local rules as it relates to show cause motions; Mother's Motion to Set Aside Judge Order *is dismissed as moot*; Mother's Motion for Emergency Change of Custody *is denied*; and Mother's Motion to Subpoena/Review CCDCSF [sic] Record In Camera *is denied*[.]

(Emphasis sic.)

{¶7} The magistrate found C.W.'s motion to dismiss these motions moot and granted his motion to modify visitation and granted in part R.H.'s motion to modify. The magistrate found R.H.'s other motion to modify custody moot and denied her motion to modify the current custody order. The magistrate finally denied as moot R.H.'s motion to stay because the exact same motion was previously denied on April 25, 2012, and the relief granted by the magistrate's decision resolved the issues raised in the motion.

{¶8} No objections to the magistrate's decision were timely filed, and the trial court adopted this decision on July 29, 2013. R.H. did file a motion to supplement the record on June 5, 2013, but that motion was denied because the trial

court found it attempted to improperly introduce evidence that should have been introduced at the hearing.

{¶9} R.H. filed a notice of appeal on August 28, 2013.

## Assignments of Error[3]

{¶10} R.H. cites eight assignments of error:

I. The trial court erred, in exerting jurisdiction when they removed the live birthed child (R.L.H. 2) from my domestic relations, descent and distribution.

II. The trial court erred in considering custody by defendant/Appellee without a proper jurisdiction and a proof of parentage by way of a documented paternity test with all proper procedures and laws followed making proper chain of custody and suitability test applied before consideration.

III. The trial court erred in providing proof of negligence and lack of protection to consider jurisdiction and removal of a live birth child born the court use to gain jurisdiction of said CHILD in question.

IV. The trial court erred by definition the courts actions are Malfeasance. By oath and cannon no public official or agent should do wrong or unlawful acts in which the trial court has no right to perform or which he as stipulated by contract not to do so.

V. The trial court erred with the Civil docket reflecting witnesses for defendant/Appellee that never testified in court.

VI. The trial court erred in allowing the Civil docket to reflect repeatedly on the Record charges of ORC 2151 without formally

---

[3] R.H.'s brief fails to comply with a number of appellate rules, but in the interest of justice, this court will, as best it can, address the arguments raised therein. However, App.R. 12 and 16 provide this court with the authority to disregard any assignment of error that does not conform to pertinent appellate rules.

charging a party to the case and allowing said party to plea. Nor does the Record reflect any findings.

VII. The trial court erred in assigning Counsel Raymond R. Froclinch to defendant/Appellee but when I as a party to the case asked for assigned counsel I was told repeatedly that the courts do not provided assigned counsel for private custody issues yet the Civil Docket properly reflects the court assigned counsel to the defendant/Appellee.

VIII. The trial court erred in bias rulings and ex parte communications that favored the defendant/Appellee as party over the plaintiff/appellant as a party to the detriment of best interest for the live birth child born unto mean by way of contract.

**Law and Analysis**

**Improperly Appealed Issues**

{¶11} R.H.'s argument in her sixth assignment of error cannot be discerned by this court. She claims the trial court allowed the docket to reflect "charges of ORC 2151 without formally charging a party to the case." R.C. Chapter 2151 et seq. defines the jurisdiction and operation of the juvenile court. One cannot be charged with a violation of R.C. Chapter 2151. No more specific allegation is discernable from the arguments contained within this assignment of error. Therefore, this assignment of error must be overruled.

{¶12} R.H.'s seventh assignment of error argues that the trial court erred in assigning counsel to C.W. at some point in 2005, but counsel was not assigned to

her. The record in this case submitted for this court's review only goes back to 2011. Therefore, we are unsure of whether or when C.W. was assigned counsel. In any event, R.H. did not include in her written motions a request for the appointment of counsel in her last round of filings that concern this appeal. Therefore, events that are outside the scope of this appeal cannot be addressed, and the seventh assignment of error must be disregarded.

## Jurisdiction

{¶13} R.H.'s first three assignments of error allege the lower court lacked jurisdiction.

{¶14} The juvenile court has jurisdiction over this matter pursuant to R.C. 3111 et seq. R.C. 3111.06(A) provides, in part:

> An action authorized under sections 3111.01 to 3111.18 of the Revised Code may be brought in the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the child, the child's mother, or the alleged father resides or is found * * * or of the county in which the child is being provided support by the county department of job and family services of that county. An action pursuant to sections 3111.01 to 3111.18 of the Revised Code to object to an administrative order issued pursuant to former section 3111.21 or 3111.22 or sections 3111.38 to 3111.54

of the Revised Code determining the existence or nonexistence of a parent and child relationship that has not become final and enforceable, may be brought only in the juvenile court or other court with jurisdiction of the county in which the child support enforcement agency that issued the order is located. If an action for divorce, dissolution, or legal separation has been filed in a court of common pleas, that court of common pleas has original jurisdiction to determine if the parent and child relationship exists between one or both of the parties and any child alleged or presumed to be the child of one or both of the parties.

This statute specifies that the juvenile court has jurisdiction over the original action for the determination of paternity under R.C. 3111.02. The court then has continuing jurisdiction over the case pursuant to R.C. 3111.16. The juvenile court also has jurisdiction to determine child custody matters in this case pursuant to R.C. 2151.23(F)(1) ("The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04 [(allocation of parental rights)]").

{¶15} R.H. argues that the court did not have jurisdiction because no DNA test was properly conducted and retained in the records of various county agencies such that C.W. could be deemed the child's father. These arguments take issue with a 2001 administrative adjudication that became final. The parties relied on

this order in various proceedings, including the 2008 custody determination, which R.H. did not successfully appeal. R.H. did not argue that C.W. was not the father of the child during the years he was paying child support to her. The matter was previously argued to a final determination and is no longer subject to attack. R.H. is collaterally estopped from now arguing that C.W. is not the child's father when she relied on that finding by CSEA in prior proceedings.

{¶16} Collateral estoppel precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989). This branch of res judicata applies to the case at hand because the same parties litigated the same question to finality in 2001 and 2008. *In re Gilbraith*, 32 Ohio St.3d 127, 512 N.E.2d 956 (1987). Therefore, R.H.'s first three assigned errors attacking the jurisdiction of the court based on a lack of proof of paternity are barred by res judicata.

## Alleged Bias and Malfeasance of the Court

{¶17} In her fourth and eighth assigned errors, R.H. argues that the court committed malfeasance, was biased against her, and engaged in ex parte

communications with lawyers.[4] She makes similar allegations against the GAL and magistrate.

{¶18} A review of the record offers no support for these claims, and a transcript, which may have documented impropriety, is not available. Therefore, this court must presume regularity in the proceedings. *Goldman v. Singleton*, 8th Dist. Cuyahoga No. 100297, 2014-Ohio-936, ¶ 6. This court has no ability to examine statements made by the GAL during the hearing before the magistrate for impropriety. Therefore, regularity must be presumed with respect to the actions and statements of the GAL that were a part of this hearing.

{¶19} The decisions of the trial court in this case also contradict R.H.'s claims. The trial court's opinion, adopting the magistrate's decision, took R.H.'s concerns into account when changing the summer visitation schedule in light of summer activities that abridged her normal visitation hours. The court set up a summer visitation schedule that more equally shared parenting time. The decision also did not change the location of exchange to C.W.'s address, as he requested, but to a more centrally located area. The decisions of the magistrate and trial court do not evidence a bias against R.H.

---

[4] R.H. also argues that the trial court erred in appointing a new guardian ad litem for the child in 2006. However, she failed to make any argument as to why this issue is properly before this court or why it should not be barred as a result of her previous appeal to this court in 2011. The 2011 appeal was dismissed due to several procedural deficiencies. *See* [*C.W.*] *v.* [*R.H.*] 8th Dist. Cuyahoga No. 97108 (Aug. 8, 2011).

{¶20} Further, allegations of judicial bias are properly addressed by filing an affidavit of disqualification with the Ohio Supreme Court to pursue removal of a judge. Ohio law provides a remedy for judicial bias as follows:

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

R.C. 2701.03(A). There is no evidence in the record that R.H. filed such an affidavit. R.H.'s fourth and eighth assignments of error are overruled.

{¶21} R.H. also alleges in her fifth assignment of error that the trial court allowed the docket to improperly reflect witnesses who never testified at the May 13, 2013 hearing. She also claims the court and clerk sent an incomplete record to this court for review.

{¶22} The docket may reflect all those witnesses intended to be called by any party because the court issues subpoenas to those witnesses. However, that does not mean that a party will call all its subpoenaed witnesses or that a party must call

them. There is no error where the docket properly reflects the names of those for whom a subpoena was issued by the court.

{¶23} Regarding an incomplete record, the appellant is responsible for submitting a complete record on appeal and providing a transcript. App.R. 9(B). If the record is incomplete, a motion to supplement is the appropriate mechanism. R.H.'s notice of appeal did not include directions for the inclusion of a transcript, nor did she take steps for the preparation of one. The clerk of courts submitted all that R.H. requested.[5] Her fifth assignment of error is overruled.

### Change in Custody

{¶24} R.H.'s brief can be read to include an argument that custody of the child should be returned to her, and the trial court erred in denying her motions seeking to modify custody. The trial court found that no change in circumstance was demonstrated in this case. R.H. did not include a transcript of the proceedings before the magistrate with the record before the trial court or on appeal.

> When an objecting party fails to timely file a transcript or affidavit, a trial court must accept the magistrate's findings of fact and limit its review to the magistrate's legal conclusions. "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled."

---

[5] R.H. did move this court for a transcript to be prepared at the state's expense, which this court denied because it generally may not authorize transcripts at the state's expense in civil appeals.

(Citation omitted.) *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9, 516 N.E.2d 251 (11th Dist.1986), paragraph one of the syllabus. Therefore, this court must assume that the magistrate properly conducted a hearing and the trial court arrived at its conclusion in accordance with R.C. 3109.04.

> R.C. 3109.04(E)(1)(a) imposes restrictions on the exercise of judicial authority and requires that, before a trial court modifies an existing order of custody, it is not only required to find, based on facts that have arisen since the prior decree or that were unknown to it at that time, that a change has occurred in the circumstances of the child, the child's residential parent, or either parent subject to a shared-parenting decree, but also that the modification is necessary to serve the best interest of the child.

*In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 19.

**{¶25}** Whether a change in circumstance has occurred sufficient to warrant modification of a prior custody order is necessarily a factual determination. Without a transcript to contradict the factual findings of the magistrate and trial court, the trial court's decision must be affirmed. *Fritz v. Fritz*, 8th Dist. Cuyahoga No. 98977, 2013-Ohio-2536, ¶ 4.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., and
KENNETH A. ROCCO, J., CONCUR