[Cite as *Adams v. McElroy*, 2018-Ohio-89.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105399**

## JOHNNY ISAAC ADAMS

PLAINTIFF-APPELLEE

vs.

## PATRICIA JONES MCELROY, ADMINISTRATOR, ETC., ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-783248

**BEFORE:** Celebrezze, J., Keough, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 11, 2018

**ATTORNEYS FOR APPELLANT**

Amy E. Asseff
David A. Freeburg
Freeburg Law Firm, L.P.A.
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143


**FOR APPELLEE**

Johnny Isaac Adams, pro se
7279 Rocker Avenue
Chagrin Falls, Ohio 44023

**Also Listed**

Antonio Jones, pro se
Kelly Hill, pro se
10917 Notre Dame
Cleveland, Ohio 44104

Marva Edwards, pro se
Linda Wiley, pro se
1325 East 84th Street
Cleveland, Ohio 44103

Key Bank National Association
127 Public Square
Cleveland, Ohio 44144

Key Bank National Association
4910 Tiedeman Road, Suite C
Brooklyn, Ohio 44114

Home Sales Inc.
c/o Corp. Trust Co. Statutory Agent
1209 Orange Street
Wilmington, Delaware 19801

IL Forza, LLC

2230 W. Chapman Avenue
Orange, California 92868

**For Dondi S. Jones, Patricia Jones McElroy, and George Jones, III**

Virgil T. Morant
2130 Lakeland Avenue
Lakewood, Ohio 44107

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Tanisha Jones ("appellant"), appeals the trial court's judgment denying her motion to vacate judgment and for relief from judgment in a declaratory judgment action. Specifically, appellant argues that the trial court abused its discretion in denying her motion after she presented unchallenged evidence that service upon her was not perfected, and by failing to hold an evidentiary hearing on her motion. After a thorough review of the record and law, this court reverses and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶2} On May 23, 2012, in Cuyahoga C.P. No. CV-12-783248, plaintiff-appellee, Johnny Isaac Adams ("Adams"), filed a complaint for declaratory judgment. Adams is the surviving spouse of Minnie Jones Adams ("decedent"), who died on January 19, 2012.

{¶3} Adams's declaratory judgment involved a dispute regarding the parcels of land that decedent owned at the time of her death and whether she conveyed title to any parcels of land during her lifetime. In his complaint, Adams alleged that he did not release his dower interest in the parcels that decedent conveyed, and as a result, he sought payment of his dower interest. Adams filed an amended complaint on May 25, 2012.

{¶4} Appellant was the title holder of record of one of the parcels at issue, located at 3596 East 131st Street, Cleveland, Ohio 44120. Appellant acquired title to the

property from her husband, George Jones, IV, in 2011. Adams named appellant as a defendant in both the original and the amended complaints.

**{¶5}** The record reflects that the clerk mailed the summons and both complaints by certified mail to appellant at 16115 Arcade Avenue, Cleveland, Ohio 44110. The certified mail receipt from the original complaint was returned as "mail received at address 05/31/2012 signed by other."[1] The certified mail receipt from the amended complaint was returned as "unclaimed notice mailed to [appellant's] attorney."[2] A copy of the summons and the amended complaint was then sent to appellant at the Arcade Avenue address by regular mail. There is nothing in the record indicating that this envelope was returned as undeliverable.

**{¶6}** Appellant did not respond to Adams's complaints. On August 23, 2012, Adams filed a motion for default judgment against all defendants who failed to file an answer or a responsive pleading. Notice of the default judgment hearing was sent to appellant at the Arcade Avenue address. The trial court held a hearing on Adams's default judgment motion on September 4, 2012. The trial court granted Adams's motion for default judgment against all "non-answering parties" including appellant.[3]

---

[1] *See* docket entry on June 5, 2012.

[2] *See* docket entry on June 26, 2012.

[3] The non-answering parties were Antonio Jones, appellant, Dondi Jones, Linda Wiley, Marva Edwards, Key Bank National Association, Home Sales Inc., Kelly Hill, and IL Forza, LLC.

{¶7} Adams reached an agreement with the remaining defendants that filed a responsive pleading or appeared in the trial court.[4] Under this agreement, decedent's conveyances of various properties — including the East 131st Street property — were set aside and titles to the properties were returned to decedent's estate. The trial court journalized the parties' agreed judgment entry on May 28, 2013.

{¶8} On December 2, 2016, appellant filed a motion to vacate the default judgment entered against her or, in the alternative, for relief from judgment pursuant to Civ.R. 60(B)(5). Therein, appellant argued that she had never been served with the complaint or the amended complaint in this matter, and thus, service was never perfected upon her. Appellant submitted an affidavit in support of her motion.

{¶9} Adams did not respond to or oppose appellant's motion. On December 9, 2016, defendants Patricia Jones McElroy, George Jones, III, and Dondi S. Jones filed a memorandum in opposition to appellant's motion.

{¶10} On December 31, 2016, the trial court denied appellant's motion to vacate without holding an evidentiary hearing. It is from this judgment that appellant filed the instant appeal. Appellant assigns two errors for review:

> I. Because [appellant] produced unrefuted evidentiary-quality information demonstrating that she did not receive service, the trial court abused its discretion in denying her motion to vacate the default judgment entered against her.

---

[4] Patricia Jones, Patrice Jones, George Jones, III, and William Jones.

II. Because [appellant] alleged operative facts that would warrant relief, the trial court abused its discretion in failing to hold an evidentiary hearing to take evidence and verify facts before ruling on her motion to vacate.

## II. Law and Analysis

{¶11} Both of appellant's assignments of error pertain to the trial court's denial of her motion to vacate default judgment. In her first assignment of error, appellant argues that the trial court abused its discretion by denying her motion to vacate default judgment.

{¶12} This court reviews a trial court's decision regarding a motion to vacate a purportedly void judgment for an abuse of discretion. *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 10, citing *Miley v. STS Sys.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254, ¶ 7 (10th Dist.), and *Hoffman v. New Life Fitness Ctrs.*, 116 Ohio App.3d 737, 739, 689 N.E.2d 84 (3d Dist.1996). An abuse of discretion implies that a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} In the instant matter, appellant moved to vacate the default judgment based on lack of personal jurisdiction asserting that she was not served with the complaint, the amended complaint, or notice of the default judgment hearing.

{¶14} Trial courts have inherent authority to vacate a void judgment. *Hook* at ¶ 12, citing *Newark Orthopedics, Inc. v. Brock*, 92 Ohio App.3d 117, 123, 634 N.E.2d 278 (10th Dist.1994). Accordingly, a defendant may raise the issue of insufficient service of

process in a Civ.R. 60(B) motion, however, the defendant need not meet the requirements of establishing a meritorious defense or that the motion was timely filed under Civ.R. 60(B). *Hook* at ¶ 12, citing *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161, 631 N.E.2d 1120 (10th Dist.1993). When a trial court renders default judgment without obtaining service over the defendant, the default judgment is void and the defendant is entitled to have the judgment vacated. *Broadvox, L.L.C. v. Oreste*, 8th Dist. Cuyahoga No. 92064, 2009-Ohio-3466, ¶ 12.

{¶15} In order for service to be consistent with standards of due process, it must be made "in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Hook*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, at ¶ 13, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). Civ.R. 4.1 provides three permissible methods of service: certified or express mail service, personal service, or residence service. In Ohio, certified mail is the preferred method for serving a party, and service is evidenced by a signed return receipt. *Hook* at ¶ 13. Pursuant to Civ.R. 4.1(A), individuals must be served at their "usual place of residence," and any person residing at that address who is of "suitable age and discretion" may receive such service.

> The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service. *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she

did not receive service. *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio-29, ¶ 51, citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

Relevant to the circumstances presented in this case, the rebuttable presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed. *Schumacher* at ¶ 49, citing *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. Franklin No. 03AP-951, 2004-Ohio-2816, ¶ 10. "*Where the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question.*" *Watts v. Brown*, 8th Dist. Cuyahoga No. 45638, 1983 Ohio App. LEXIS 15311, 14-15 (Aug. 4, 1983).

(Emphasis added.) *Hook* at ¶ 14-15.

{¶16} In the instant matter, Adams attempted to serve appellant with both the original complaint and amended complaint at 16115 Arcade Avenue, Cleveland, Ohio 44110. According to appellant, defendant George Jones, III, resides at the Arcade Avenue address.[5] The record reflects that the summons and both complaints were mailed to George Jones, III, at 16115 Arcade Avenue, Down, Cleveland, Ohio 44110. In her motion to vacate, appellant asserted that she lived in Portage County at 925 Creekview Drive, Aurora, Ohio 44202 prior to and throughout the pendency of the trial court's proceedings.

{¶17} Appellant submitted an affidavit along with her motion to vacate in which she averred, in relevant part:

---

[5] Appellant is married to George Jones, IV.

6. At the time [CV-12-783248] was filed, I was residing at 925 Creekview Drive, Aurora, OH 44202, in Portage County.

7. At all times during the pendency of the [l]awsuit, I resided at 925 Creekview Drive, Aurora, OH 44202.

8. I never received service of the [c]omplaint or [a]mended [c]omplaint filed in the [l]awsuit at my residence.

9. The [l]awsuit docket listed my address as 16115 Arcade Avenue, Cleveland, OH 44110. I did not reside at that address at any time during the [l]awsuit and I have never resided at that address.

10. 16115 Arcade Avenue was the home of my father-in-law, George Jones III, also a [d]efendant in the [l]awsuit.

11. I was not physically present at 16115 Arcade Avenue on a regular basis and I never received mail at that address.

12. All correspondence addressed to me concerning the [l]awsuit was sent to 16115 Arcade Avenue, Cleveland, OH 44110. I never received any correspondence.

13. The [l]awsuit docket showed my attorney as Sam Thomas III. I was never represented by Sam Thomas III or any other attorney in the [l]awsuit.

14. I never filed an answer to the [c]omplaint and never made any appearance in the [l]awsuit.

15. Pursuant to the [l]awsuit [d]ocket [e]ntry dated August 22, 2012, I never received written notification of the pending [d]efault [h]earing.

16. I never received notification of the [d]efault [j]udgment entered against me on September 4, 2012.

17. The [l]awsuit [d]ocket [e]ntry dated January 4, 2013, stating that a [r]esponse to [Adams] [m]otion for [s]ummary [j]udgment was filed on my behalf was incorrect. I was never represented by the filing attorney, Sam Thomas III.

18. I did not learn that the [c]ourt had ordered the [East 131st Street property] transferred back to the [decedent's estate], pursuant to a

settlement agreement entered into by the remaining parties to the [l]awsuit, until I was contacted by the court-appointed [f]iduciary for the [e]state, Michael Stinn.

{¶18} As noted above, Adams did not oppose appellant's motion. However, Patricia Jones McElroy, Dondi Jones, and George Jones, III ("defendants"), filed a memorandum in opposition to appellant's motion to vacate. Therein, defendants requested that appellant's motion to vacate be denied or, in the alternative, that the trial court hold a full hearing on appellant's motion. Defendants argued that the trial court should not strictly rely on appellant's motion and the memorandum in opposition in determining whether service on appellant was improper. Defendants asserted that they had a right to contest and controvert appellant's claim that she never received service by submitting further evidence or cross-examining appellant. Defendants stated that it would be improper to deny them "an opportunity for a hearing to prove that service was received [by appellant]." Defendants explained that "further factual and legal examination through a hearing is crucial in determining whether service was nevertheless sufficient." Defendants emphasized that a hearing on appellant's motion was crucial based on the case's "history of complications" including: (1) both the common pleas court and the probate court had been involved in the matter, (2) defendant William Anthony Jones died during the pendency of the case, (3) defendant George Jones, III, moved during the pendency of the case and "had to be searched out by [c]ounsel," and (4) Adams's counsel withdrew from representation and, thus, his ability to respond to appellant's motion to vacate in a timely manner was compromised.

**{¶19}** After reviewing the record, we find that appellant sufficiently rebutted the presumption of proper service. *See Hook*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, at ¶ 15, citing *Watts,* 8th Dist. Cuyahoga No. 45638, 1983 Ohio App. LEXIS 15311, at 14-15. Appellant's affidavit indicated that (1) she never resided at the Arcade Avenue address, (2) she was not served with the complaint, the amended complaint, or notice of the default judgment hearing prior to the trial court granting default judgment in Adams's favor, and (3) she only became aware of the default judgment and settlement agreement when she was contacted by the court-appointed fiduciary for decedent's estate.

**{¶20}** Although appellant rebutted the presumption of proper service, Adams did not respond to appellant's motion to vacate and, thus, he failed to demonstrate that appellant resided at the Arcade Avenue address. The responding defendants' memorandum in opposition to appellant's motion to vacate also failed to demonstrate that appellant resided at the Arcade Avenue address. Defendants simply requested that the trial court hold a hearing to provide them with an opportunity to contest and controvert — through "further evidence or cross-examination" — appellant's assertion that she never received service. However, defendants failed to produce any such further evidence in support of their memorandum.

**{¶21}** Accordingly, the record reflects that appellant sufficiently rebutted the presumption of valid service by demonstrating that she did not reside or otherwise receive mail at the Arcade Avenue address to which the complaint, amended complaint, and

notice of the default judgment hearing were addressed. Furthermore, there is nothing in the record indicating that appellant appeared or waived service prior to the September 4, 2012 default judgment.

{¶22} The record contains a January 4, 2013 docket entry titled "defendant (s) Patricia Jones McElroy (D1), George Jones (D2), William Anthony Jones (D3), Antonio Jones (D4), Tanisha Jones (D5), Patrice N. Jones (D6) and Dondi S. Jones (D7) response to [Adams's] motion for summary judgment. Sam Thomas 0067848." In her motion to vacate, appellant argued that she was erroneously listed in the docket entry, and that she was never represented by the attorney, Sam Thomas, that filed the response to Adams's summary judgment motion. Furthermore, in her affidavit, appellant averred that she was never represented by attorney Thomas.

{¶23} After reviewing the record, it is evident that the January 4, 2013 docket entry erroneously indicated that the response to Adams's motion for summary judgment was filed by or on behalf of appellant. The trial court's July 2, 2012 docket entry provides that attorney Thomas filed a notice of appearance of counsel for defendants Patricia Jones McElroy and Patrice Jones only.[6] There is nothing in the record indicating that attorney Thomas was representing or acting on behalf of appellant.

{¶24} Based on the foregoing analysis, we find that the trial court abused its discretion by denying appellant's motion to vacate the default judgment. Appellant's first assignment of error is sustained. We further find that the trial court's denial of

---

[6] *See* July 2, 2012 docket entry.

appellant's motion without holding an evidentiary hearing constituted an abuse of discretion. "When the movant's motion to vacate contains allegations of operative facts that would warrant relief, the trial court should grant a hearing on such motion." *Khatib v. Peters*, 8th Dist. Cuyahoga No. 102663, 2015-Ohio-5144, ¶ 25, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). In *Khatib*, the movant's motion to vacate contained operative facts that would warrant relief from judgment. The movant attached an affidavit to her motion to vacate in which she averred that she had not concealed her location from plaintiffs-appellees to avoid service; she also provided the various address at which she had lived for the last several years. Plaintiffs-appellees failed to produce any evidence rebutting the movant's affidavit, they merely argued that the affidavit was self-serving. This court held that the trial court abused its discretion by denying the motion to vacate without a hearing, explaining that "[w]ithout a hearing, the trial court could not determine [the movant's] credibility[.]" *Id*. at ¶ 25, citing *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 16 (8th Dist.) ("trial court errs in summarily overruling a defendant's motion to aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing.").

{¶25} In the instant matter, like *Khatib*, appellant's motion to vacate and supporting affidavit contained operative facts that would warrant relief from judgment, and Adams neither responded nor presented any evidence to rebut appellant's affidavit.

Furthermore, the defendants that filed the memorandum in opposition did not present any evidence to rebut appellant's affidavit or challenge the credibility of appellant's sworn statement. As noted above, these defendants requested that a hearing be held on appellant's motion to vacate.

{¶26} Based on the foregoing analysis, we find that the trial court abused its discretion by denying appellant's motion to vacate without holding a hearing. Appellant's second assignment of error is sustained.

### III. Conclusion

{¶27} A review of the record reflects that appellant's motion to vacate and her supporting affidavit contained operative facts that would warrant relief from judgment. These operative facts were not rebutted by Adams or by the other defendants in their memorandum in opposition. Accordingly, we find that the trial court abused its discretion by denying appellant's motion to vacate default judgment without holding a hearing.

{¶28} The trial court's judgment denying appellant's motion to vacate is reversed and the matter is remanded for the trial court to conduct an evidentiary hearing on the motion to vacate.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR