Bowman, J.
Heard on motion for judgment.
'The plaintiff sues to recover a personal judgment against the defendant.
The defendant is a foreign corporation, and plaintiff is the managing agent thereof in this state.
The sheriff’s return of summons shows service upon the defendant by delivery of a copy thereof to its managing agent aforesaid.
*160 The defendant is in default, and the question is whether plaintiff is entitled to a personal judgment against the defendant on such service.
While Section 11290, General Code, authorizes service upon the managing agent of a foreign corporation, it contemplates service upon a wholly disinterested person, and not upon an agent whose relation to the plaintiff or the claim in suit is antagonistic to the interest of the corporation managed by him.
The service to be effective must be notice to a representative of the defendant adverse to the plaintiff. It was not intended that the defendant should be compelled to appear and answer, or be subjected to a judgment upon a default upon a service of summons upon his adversary. In other words, it was not intended that the service upon the plaintiff would give the court jurisdiction of the’ person of the defendant. To sustain such service would inevitably lead to fraud, for there would be great danger of abuse and inducement to such agent to suppress the fact of service and thereby put himself in a position, if plaintiff, to obtain judgment by default -against the defendant, who would,' perhaps, know nothing of the proceeding until after judgment had been rendered against it.
Here the personal interest of the plaintiff was antagonistic to his duty as such managing agent. While service upon him was in compliance with the letter of the statute, it was in violation of its spirit. The case comes, therefore, within the-rule that service of process against a corporation on an officer or agent who has some personal interest in such proceeding, either as plaintiff or otherwise, antagonistic to his duty as such representative, is unauthorized -and will confer no jurisdiction, even though the statute expressly provides for service on one in such relation. The People v. Fricke, 252 Ill., 414; Atwood v. Sault Ste. Marie Light Co., 148 Mich., 224; Buck v. Ashuelot Mfg. Co., 4 Allen (Mass.), 357; George v. American Ginning Co., 46 S. C., 1; Whitehouse Mountain Gold Mining Co. v. Powell, 30 Colo., 397, 399; Rehm v. The German Insurance & Savings Institution, etc., 125 Ind., 135, 137.
Motion overruled.