[Cite as *In re K.J.*, 2023-Ohio-615.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE K.J.                                              :

                                                        :                    No. 111824

A Minor Child                                           :

[Appeal by S.W., Father]                                :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR11715790

---

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
Britta Barthol, Assistant Public Defender, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Ashley Gluss, Marilyn Orkin Weinberg, and
Daniel A. Starett, Assistant Prosecuting Attorneys, *for
appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} S.W. ("appellant"), the father of K.J., appeals the juvenile court's July 23, 2022 judgment denying his motion to vacate default judgments for paternity and child support entered against him in 2012. After a thorough review of the facts and pertinent law, we affirm.

**Procedural History**

{¶ 2} The issue in this appeal is whether appellant was properly served with the complaint in this paternity and child support case. The record demonstrates the following procedural background.

{¶ 3} In August 2011, appellee Office of Child Support Services ("OCSS") filed a complaint in juvenile court to establish paternity and child support for the child and named appellant as the alleged father. Service on appellant was initially attempted at 14313 Sylvia Avenue, Cleveland, Ohio, 44110; however, the return receipt came back marked "not deliverable as addressed."

{¶ 4} On February 2, 2012, OCSS filed instructions to serve appellant at 2134 W. 101st Street, UP, Cleveland, Ohio 44102. On February 3, 2012, a summons and complaint were sent out by certified mail to that address. On February 27, 2012, the return receipt came back "unclaimed." A summons and the complaint were thereafter sent out on February 27, 2012, to the same address via ordinary mail. The summons included notice that a hearing would be held on May 9, 2012. The ordinary mail envelope was not returned by the postal authorities with an endorsement showing failure of delivery.

{¶ 5} In March 2012, a magistrate of the juvenile court found that service had been perfected on appellant by ordinary mail and ordered appellant to submit to genetic testing by April 9, 2012. Appellant did not file an answer, otherwise respond to the complaint, or appear in the action at that time.

**{¶ 6}** On May 9, 2012, the trial court held the scheduled hearing, at which the child's mother and counsel for OCSS were present. The child's mother testified at the hearing, and thereafter, the magistrate issued a decision establishing appellant as the child's father and ordering him to pay child support. The magistrate's decision was affirmed, approved, and adopted by the juvenile court on May 30, 2012.

**{¶ 7}** Several years later, in October 2017, OCSS filed a motion to show cause against appellant for nonpayment of child support. In December 2017, appellant appeared for an arraignment hearing and requested counsel. The trial court continued the matter for trial to January 2018. Appellant signed a notice of hearing for the trial date. However, appellant failed to appear on the day of trial and a warrant was issued for his arrest.

**{¶ 8}** In early September 2021, OCSS filed a "motion to recall warrant and set for further hearing." A hearing was set for September 29, 2021, but the matter was continued to allow appellant time to consult with counsel.

**{¶ 9}** Another hearing was held in late November 2021. At that hearing, appellant raised, for the first time, the issue of whether he had been properly served with the original complaint and motion for genetic testing. The juvenile court noted that appellant's concern about paternity could be addressed through a private genetic test and continued the matter to allow time for appellant to pursue the issue.

**{¶ 10}** A new trial date was set for April 26, 2022. On the date of trial, appellant's counsel filed a "motion to vacate the default judgments for paternity and

child support." In his motion, appellant stated that he "never lived at" the W. 101st Street address. Appellant further stated that he was "willing to attest" that he had not receive service. However, appellant failed to submit to an affidavit averring to that. Instead, appellant submitted documents from a LexisNexis public records search and a credit report from "credit karma" in support of his claim that he never lived at the W. 101st Street address. The LexisNexis document purports to show different addresses where appellant lived, none of which were the W. 101st Street address. The LexisNexis document does not reflect appellant's supposed address at the time the summons and complaint were sent by ordinary mail, i.e., February 2012.[1] The "credit karma" document does not provide any time periods for the addresses purportedly associated with appellant. Like the LexisNexis document, the W. 101st Street address was not on the "credit karma" document.

{¶ 11} The trial court continued the matter to give OCSS an opportunity to respond, which the agency did in June 2022. In opposition to appellant's motion to vacate, OCSS submitted an affidavit of one of its support officers who averred that appellant received a public assistance grant on December 1, 2011, and the W. 101st Street address was the address associated with the grant. The employee averred that the agency's records show that on December 12, 2011, appellant spoke with an employee at Cuyahoga County Job and Family Services and verified that he was

---

[1] The document shows addresses for the following time periods: (1) August 2004 through May 2009, (2) October 2012 through August 2018; (3) March 2013 through July 2014; (4) April 2018, and (5) September 2018 through the time of the search, which was in April 2022.

living at the W. 101st Street address. The employee further averred that on February 27, 2012 (i.e., the day the summons and complaint were sent to appellant by ordinary mail), appellant's last known address was the W. 101st Street address.

{¶ 12} The juvenile court denied appellant's motion. This appeal followed.

**Law and Analysis**

{¶ 13} In his sole assignment of error, appellant contends that the trial court erred in denying his motion to vacate without an evidentiary hearing and testimony. We disagree.

{¶ 14} A trial court cannot render judgment against a defendant over whom it has no personal jurisdiction. "[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant." *Mayfran Internatl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350, 135 N.E.3d 792, ¶ 9 (8th Dist.), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). "[A] judgment rendered without personal jurisdiction over a defendant is void." *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 14, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus. A defendant may challenge such a judgment through a motion to vacate. *Green v. Huntley*, 10th Dist. Franklin No. 09AP-652, 2010-Ohio-1024, ¶ 11. An appellate court reviews the denial of a motion to vacate under an abuse of discretion standard. *Stonehenge Condominium Assn. v. Davis*, 10th Dist. Franklin No. 04AP-1103, 2005-Ohio-4637, ¶ 13.

{¶ 15} A court does not acquire personal jurisdiction over a defendant unless and until the defendant is properly served with the complaint and summons or the defendant makes an appearance in the case. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus. Appellant did not make an appearance in this case prior to default judgment being entered against him. Thus, the issue is whether OCSS properly achieved mail service on appellant.

{¶ 16} Service of process, which is governed by Civ.R. 4.1 through 4.6, must be made in a manner reasonably calculated to apprise the defendant of the action and to afford him or her an opportunity to respond. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). As is relevant here, Civ.R. 4.6(D) contemplates instances where service sent through certified mail is returned marked "unclaimed." Civ.R. 4.6(D). In these situations, the civil rules allow a serving party, such as OCSS, to use "ordinary mail service." Civ.R. 4.6(D). OCSS complied with this process in 2012. When ordinary mail is not returned marked "failure of delivery," service is "deemed complete." *Id.*; *Lakhodar v. Madani*, 8th Dist. Cuyahoga No. 91564, 2008-Ohio-6502, ¶ 12. The record here does not indicate that the summons and complaint sent to appellant via ordinary mail were returned because of "failure of delivery." Therefore, under the plain language of Civ.R. 4.6(D), service on appellant was "deemed complete" in 2012.

{¶ 17} The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408

(1st Dist.1997). Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 14, citing *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. "In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service." *Hook* at *id.*, citing *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio-29, ¶ 51, citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

{¶ 18} When the movant's motion to vacate contains allegations of operative facts that would warrant relief, the trial court should grant a hearing on such motion. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). This court has held that a trial court commits reversible error by "summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that [he or] she did not receive service of process, without affording the defendant a hearing." *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 16 (8th Dist.); *see also Khatib v. Peters*, 8th Dist. Cuyahoga No. 102663, 2015-Ohio-5144, ¶ 25; *Goodwin v. Goodwin*, 8th Dist. Cuyahoga No. 961151, 2011-Ohio-3263, ¶ 14.

{¶ 19} For example, this court recently held that a defendant was, at the least, entitled to a hearing on the issue of service in light of his sworn affidavit

attesting that (1) he was never served with the complaint; (2) he was not residing at the address where service was purportedly effected; (3) although he owned the home where service was sent, he had been removed from the home pursuant to the issuance of a civil protection order and was residing at a different address; and (4) he had no knowledge of the lawsuit until he was made aware of a levy after the default judgment had been rendered against him. *Kassouf v. Barylak*, 8th Dist. Cuyahoga No. 111594, 2023-Ohio-314, ¶ 23-24. Further, the defendant's averments were not contested by the plaintiff. *Id.* at ¶ 23.

{¶ 20} Here, appellant did not submit evidentiary-quality information to corroborate his contention that he was not served. Although he stated that he was "willing to attest" that he had not received service, he failed to submit to an affidavit averring to that. Further, the documentation appellant did submit was not evidentiary quality. In addition to being unauthenticated, the documentation did not create an issue as to whether appellant lived at the W. 101st Street address at the time in question. The LexisNexis document was missing the relevant time period and the "credit karma" document did not have any dates associated with it at all. Neither document can be deemed as a complete, authoritative source of every place appellant ever lived and when he lived there.

{¶ 21} On the other hand, OCSS filed evidentiary-quality information to support its position that appellant had been served. Specifically, it submitted an affidavit of one of its support officers who averred that appellant received a public assistance grant on December 1, 2011, and the W. 101st Street address was the

address associated with the grant. The employee averred that the agency's records show that on December 12, 2011, appellant spoke with an employee at Cuyahoga County Job and Family Services and verified that he was living at the W. 101st Street address. Further, the employee averred that on February 27, 2012 (i.e., the day the summons and complaint were sent to appellant by regular mail), appellant's last known address was the W. 101st Street address.

{¶ 22} We note — as appellant calls our attention to it — that hearing notices and journal entries from the court sent to him at the W. 101st Street address in April and May 2012 were returned to the court for failure of delivery. However, the issue here on appeal is whether the trial court obtained jurisdiction over appellant by OCSS obtaining service of the complaint on him. The record demonstrates that it did, and appellant has failed to rebut that presumption of service.

{¶ 23} On this record, we find no error or abuse of discretion in the trial court's decision to deny appellant's motion to vacate without a hearing. Appellant's sole assignment of error is therefore overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR