[Cite as *Imani Home Health Care, L.L.C. v. Visionary Group, L.L.C.*, 2025-Ohio-173.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IMANI HOME HEALTH CARE L.L.C.,  :
ET AL.,

                          :

        Plaintiffs-Appellants,

                          :          No. 114198

        v.

                          :

VISIONARY GROUP, L.L.C.,

                          :

        Defendant-Appellee.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-974993

---

### *Appearances:*

Lester S. Potash, *for appellants.*

Gilbert W.R. Rucker, III, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v. Trone*, 2020-Ohio-384, ¶ 1 (8th Dist.), citing *State v. Priest,* 2014-Ohio-1735, ¶ 1 (8th Dist.).

## I. Background

{¶ 2} Plaintiffs-appellants, Imani Home Health Care, L.L.C. ("Imani") and Jennifer Witten ("Witten") (collectively "appellants"), appeal from the trial court's judgment granting the motion of defendant-appellee, Visionary Group, L.L.C. ("Visionary") to vacate the trial court's default judgment against it. Finding no merit to the appeal, we affirm.

{¶ 3} On February 10, 2015, Visionary entered into a written agreement to purchase all of Imani's assets. Pursuant to the agreement, Visionary was to assume responsibility for and settle Imani's debts, including its tax liabilities, and pay Imani 50 percent of the accounts receivable. On February 9, 2023, appellants filed suit against Visionary, alleging breach of the agreement and asserting that Visionary's breach had forced Witten to become personally liable for and pay obligations that Visionary had agreed to assume under the agreement.

{¶ 4} Upon filing the complaint, appellants instructed the clerk of courts to serve Visionary's statutory agent, Holden K. Troutman ("Troutman"), by certified mail at P.O. Box 20124, Cleveland, OH 44120 and 7449 Bingham Road, Gates Mill, OH 44040, and Nicole A. Stanich ("Stanich"), Visionary's sole member, by certified mail at 2618 North Moreland Boulevard, Cleveland, OH 44120. The clerk subsequently notified appellants that service to Stanich was "not deliverable as addressed" and service upon Troutman was "unclaimed" and "not deliverable as addressed." Appellants again asked the clerk to serve Troutman at the Bingham Road and P.O. Box addresses; the clerk subsequently notified appellants that there

was "no such post office box number" and the certified mail sent to the Bingham Road address was "unclaimed" and the "forwarding time [had] expired."

{¶ 5} Appellants then filed in the trial court a "proof of service upon defendant" pursuant to R.C. 1706.09(H)(2). Attached to the proof of service was a Notice of Receipt from the Ohio Secretary of State dated April 3, 2023, stating that pursuant to a request from appellants' counsel, the secretary of state had served Stanich by certified mail at the North Moreland Boulevard address and Troutman at P.O. Box 20124, Cleveland, OH 44120.

{¶ 6} Appellants then filed a motion for default judgment against Visionary for its failure to timely answer the complaint. Appellants served Visionary with notice of the default hearing via certified mail, return receipt requested, to Troutman at P.O. Box 20124 and via ordinary mail, also at the P.O. Box address. In his affidavit filed with the court regarding notice to Visionary of the default hearing, counsel for appellants averred that he had not received the return receipt nor notice from the United States Post Office of the failure of delivery of the regular first-class mailing.

{¶ 7} Visionary did not appear for the default hearing, and, upon finding that Visionary had been served but failed to answer or otherwise appear in the action, the trial court granted appellants' motion for default judgment. The court awarded Imani $398,379.11 with interest and costs and Witten $323,379.11 with interest and costs.

{¶ 8} On April 11, 2024, another lawyer entered an appearance for Witten and advised the court that he had issued a post-judgment subpoena duces tecum to

Stanich at 10125 Lake Shore Blvd., Bratenahl, OH 44108, to begin proceedings to collect the judgment.

{¶ 9} On April 22, 2024, counsel for Visionary entered an appearance and filed a motion to vacate the default judgment pursuant to Civ.R. 60(B). In its motion, Visionary asserted that the judgment should be vacated because it had not been served with either the complaint nor appellants' motion for default judgment and had only received notice of the action upon Stanich's receipt of correspondence from appellants' new counsel on April 11, 2024. Visionary argued that its motion was timely, it was entitled to relief from judgment for excusable neglect under Civ.R. 60(B)(1) and the catchall provision of Civ.R. 60(B)(5), and it had meritorious defenses to assert against appellants' claim.

{¶ 10} The trial court held a hearing on Visionary's motion. Stanich testified at the hearing that she is the sole shareholder of Visionary and that Troutman was Visionary's statutory agent in 2015 when Visionary purchased Imani, as well as when the complaint in this matter was filed. She testified that Troutman was involved in a very acrimonious divorce proceeding with her mother[1] and had added her as a third-party defendant to the case, such that even if he had received service of the complaint, "there's no way in the world he would have ever told me that something — that Visionary Group or that I personally was being sued." She said that she was not familiar with 7449 *Bingham*, Gates Mills, OH, but that as of the

---

[1] *Hunter v. Troutman*, Cuyahoga C.P. DR-20-380424; now on appeal to this court in *Hunter v. Troutman*, 8th Dist. Cuyahoga No. 113524.

filing of the divorce action, Troutman no longer resided at 7449 *Brigham*, Gates Mills, OH, which Stanich has owned since 2020.[2]

{¶ 11} Stanich testified further that she does not live at 2618 North Moreland Boulevard, where appellants attempted to serve her, and does not conduct any business there. She said that Visionary only got notice of the suit when appellants' new counsel sent a letter to her at 10125 Lake Shore Boulevard., Bratenahl, OH, a house Stanich owns and where her sister lives. Stanich said that her sister contacted her upon receipt of the letter and she immediately contacted counsel.

{¶ 12} Upon cross-examination, Stanich agreed that as Visionary's sole shareholder, she was responsible for maintaining a current statutory agent address with the Ohio Secretary of State and that she had not updated the address since 2018, even though she became aware in 2018 that the address on file was not a valid address. She agreed that Troutman was the statutory agent for Visionary when the complaint was filed but said she did not know if he was ever made aware of the lawsuit.

{¶ 13} In granting the motion to vacate, the trial court found that there was not sufficient evidence that appellants ever perfected service on Troutman so that Visionary received notice of the suit, and there was "some evidence" of excusable neglect under Civ.R. 60(B)(1) because service was sent to a nonexistent address. The

---

[2] In their appellate brief, appellants concede that the 7449 Bingham address was not the correct address for service upon Troutman.

court also found that "the law requires that I liberally allow parties to proceed on the merits." This appeal followed.

## II. Law and Analysis

{¶ 14} In their single assignment of error, appellants contend that the trial court erred in granting Visionary's motion to vacate the default judgment because Visionary failed to comply with its statutory duty to maintain a valid address for its statutory agent with the Ohio Secretary of State, as required by R.C. 1706.09(A) and, therefore, it was not entitled to a finding of excusable neglect under Civ.R. 60(B)(1). Appellants further contend that service was effective because the Secretary of State perfected service upon Visionary pursuant to R.C. 1706.09(H)(2).

{¶ 15} A default judgment may be rendered against a defendant who has failed to answer or otherwise defend against allegations raised in a complaint. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp.1 Assn.*, 28 Ohio St.3d 118 (1986). When a defendant fails to answer, default judgment is warranted because liability has been admitted "by the omission of statements in a pleading refuting the plaintiff's claims." *Girard v. Leatherworks Partnership*, 2005-Ohio-4779, ¶ 38 (11th Dist.).

{¶ 16} However, a judgment rendered without personal jurisdiction over a defendant is void. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus. A court acquires jurisdiction over a party in one of three ways: (1) proper and effective service of process; (2) voluntary appearance by the party; or (3) limited acts by the party or his counsel that involuntarily submit the party to the

court's jurisdiction. *Austin v. Payne*, 107 Ohio App.3d 818, 821 (9th Dist. 1995), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). Therefore, "where the plaintiff has not perfected service on a defendant and the defendant has not appeared in the case or otherwise waived service, the court lacks jurisdiction to render a default judgment against the defendant." *Professional Bank Servs. v. Abboud*, 2015-Ohio-1651, ¶ 12 (8th Dist.), citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62 (10th Dist. 1995).

{¶ 17} "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts." *Patton* at paragraph four of the syllabus. Thus, the Civ.R. 60(B) requirements are not applicable when the trial court lacked personal jurisdiction to enter a judgment because of improper service of process. *Kassouf v. Barylak*, 2023-Ohio-314, ¶ 20 (8th Dist.); *King v. Waters Edge Condo. Unit Owners' Assn.*, 2021-Ohio-1717, ¶ 20 (8th Dist.), citing *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 15 (8th Dist.), citing *Patton* at *id.*, and *Khatib v. Peters*, 2017-Ohio-95, ¶ 30 (8th Dist.). Instead, to vacate the judgment, the party need only establish lack of proper service. *King* at *id.*[3]

---

[3] Although the appropriate procedure would have been for Visionary to file a motion to vacate rather than a Civ.R. 60(B) motion for relief from judgment, we do not find the form of the motion fatal to Visionary's request to vacate the judgment for lack of proper service because a trial court has inherent authority to vacate a void judgment. *Kassouf* at ¶ 18.

{¶ 18} In light of the foregoing, it is apparent that we need not consider the parties' various arguments regarding whether Visionary did or did not meet the requirements of Civ.R. 60(B). The issue to be decided is whether effective service of process was made.

{¶ 19} The plaintiff bears the burden of obtaining proper service on a defendant. *Capital One Bank (USA) N.A. v. Smith*, 2020-Ohio-1614, ¶ 14 (8th Dist.), citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63 (1st Dist. 1997). Where a plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Hook v. Collins*, 2017-Ohio-976, ¶ 14 (8th Dist.); *Lakhodar v. Madani*, 2008-Ohio-6502, ¶ 13 (8th Dist.) (presumption can be rebutted where a defendant presents sufficient evidentiary-quality information demonstrating that service was not accomplished).

{¶ 20} It is undisputed that appellants' attempts to serve Visionary through the clerk of courts' office were not successful. The public online docket maintained by the clerk of courts in this case reflects that service on Troutman and Stanich was not effective and that appellants were advised that the attempts to serve them were unsuccessful. Specifically, the clerk advised that service to Troutman at the post office box was unclaimed and, further, that there was no such post office box number. It also advised that service to Troutman at 7449 Bingham Road in Gates Mills was unclaimed and the forwarding time had expired. The clerk further advised that service upon Stanich at the North Moreland Boulevard address was not

deliverable as addressed. Appellants obviously recognized that the clerk's several attempts at service had failed because after receiving the notices of failed service, appellants' counsel filed a request with the Ohio Secretary of State to serve Stanich and Troutman pursuant to R.C. 1706.09(H)(2).

{¶ 21} Pursuant to R.C. 1706.09(A), each limited liability company in Ohio shall continuously maintain an agent for service of process on the company. Any legal process on the company may be served by delivering a copy of the process to the address of the agent contained in the records of the Secretary of State or by delivering a copy of the process directly to the agent. R.C. 1706.09(H)(1). Under R.C. 1706.09(H)(2),

> [i]f the agent . . . cannot be found or no longer has the address that is stated in the records of the secretary of state . . . and if the party . . . that desires service of the process . . . files with the secretary of state an affidavit that states that one of those circumstances exists and states the most recent address of the company that the party who desires service has been able to ascertain after a diligent search, then the service of the process . . . may be initiated by delivering to the secretary of state four copies of the process . . . accompanied by a fee of five dollars. The secretary of state shall forthwith give notice of that delivery to the company at either its principal place of business as shown upon the secretary of state's records or at any different address specified in the affidavit of the party desiring service . . . Service upon the company is made when the secretary of state gives the notice and forwards the process . . . as set forth in division (H)(2) of this section.

{¶ 22} Appellants contend that as evidenced by the April 3, 2023 Notice of Receipt from the secretary of state, after receiving appellants' affidavit, copies of process, and filing fee, the secretary of state served Stanich by certified mail at 2618 North Moreland Boulevard, Cleveland, OH and Troutman by certified mail at P.O.

Box 20124, Cleveland, OH. Accordingly, appellants argue that (1) service was perfected by the secretary of state pursuant to R.C. 1706.09(H)(2), (2) the trial court thereby acquired jurisdiction over Visionary, (3) upon Visionary's failure to answer or otherwise appear, the trial court properly granted default judgment; and (4) accordingly, the trial court should not have granted the motion to vacate. We disagree.

{¶ 23} First, the record reflects that the clerk of courts specifically advised appellants that there is no post office box number 20124, where the secretary of state allegedly served Troutman. Thus, appellants' contention that the secretary of state's service was valid seems rather disingenuous. Furthermore, although, as appellants argue, this court has recognized that a defendant's failure to update its statutory agent's address with the secretary of state is generally not a defense to effective service of process, *see Previte v. Piunno*, 2010-Ohio-1747 (8th Dist.), that principle does not apply in this case because appellants were on notice there was no post office box number 20124 at which to serve Troutman. *King,* 2021-Ohio-1717, at ¶ 35 (8th Dist.) (principle announced in *Previte* did not apply where the plaintiff knew that service was never perfected).

{¶ 24} But even assuming for the sake of argument that Troutman was served by the secretary of state at a nonexistent post office box number, this court has recognized "that a statutory agent with an interest antagonistic to the defendant corporation would render service on the statutory agent ineffectual in conferring jurisdiction over the corporate defendant 'even though the statute expressly

provides for service on one in such relation.'" *Previte* at ¶ 19 (8th Dist.), quoting *Walsh v. Commercial Vehicle Motors Co.,* 28 Ohio Dec. 603 (C.P. Darke 1917); *see also John W. Masury & Son v. Lowther*, 299 Mich. 516, 521 (1942) (citing *Walsh* and stating, "Even though a person is within the terms of a statute, if his relation to the plaintiff or the claim in suit is such as to make it to his interest to suppress the fact of service, such service is unauthorized.").

{¶ 25} The evidence demonstrates that when the complaint was filed and service was attempted, Troutman was engaged in an acrimonious divorce proceeding with Stanich's mother and, in fact, had made Stanich a third-party defendant to that proceeding. Stanich testified that she did not know whether Troutman had been served with the complaint but that even if he had, he would not have told her that Visionary had been sued. Stanich's testimony is sufficient to establish that in light of Troutman's antagonism toward her, and by extension toward Visionary, any service by the secretary of state on Troutman in his capacity as Visionary's statutory agent was ineffective for establishing jurisdiction over Visionary.

{¶ 26} A trial court's determination of whether service was completed should not be disturbed absent an abuse of discretion. *King*, 2021-Ohio-1717, at ¶ 32 (8th Dist.), citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), syllabus. An abuse of discretion occurs when a trial court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Nunn v. Mitchell*, 2024-Ohio-4586, ¶ 16 (8th Dist.), citing *Johnson v. Abdullah*,

2021-Ohio-3304, ¶ 35. Under the facts and circumstances of this case, we find no abuse of discretion in the trial court's determination that service on Visionary was never perfected and, accordingly, the trial court properly granted Visionary's Civ.R. 60(B) motion to vacate the default judgment.

{¶ 27} We note that appellants obtained a default judgment in this case of over $300,000. Default judgments are not favored where large sums of money are involved. *Previte,* 2010-Ohio-1747, at ¶ 9 (8th Dist.); *see also GGNSC Lima, L.L.C.* 2018-Ohio-1298, at ¶ 24 (8th Dist.), citing *Draghin v. Issa*, 2013-Ohio-1898, ¶ 23 (8th Dist.). And our decision comports with the basic tenet in Ohio law that "whenever possible cases should be decided on their merits." *Rafalski v. Oates*, 17 Ohio App.3d 65, 67 (8th Dist. 1994), citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983). The assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)


LISA B. FORBES, J., CONCURRING IN JUDGMENT ONLY:

{¶ 29} I concur in judgment only with the majority and write separately to express my concerns with the majority's reliance on *Previte*, 2010-Ohio-1747 (8th Dist.).

{¶ 30} The majority relies on *Previte* to conclude that "this court has recognized 'that a statutory agent with an interest antagonistic to the defendant corporation would render service on the statutory agent ineffectual in conferring jurisdiction over the corporate defendant "even though the statute provides for service on one in such relation."''" Majority at ¶ 24, quoting *Previte* at ¶ 19, quoting *Walsh v. Commercial Vehicle Motors Co.*, 28 Ohio Dec. 603 (C.P. 1917). I fear that without more context and explanation, this statement above gives the misimpression that any perceived conflict between a statutory agent and its corporation invalidates service as a matter of course. In *Previte,* the court was far more limited in its recognition of what would constitute sufficient antagonism to negate service on a statutory agent, noting only that

> [t]here is some authority, albeit limited, that a statutory agent with an interest antagonistic to the defendant corporation, such as representing plaintiff in her claims against the defendant corporation, would render service on the statutory agent ineffectual in conferring jurisdiction over the corporate defendant "even though the statute expressly provides for service on one in such relation."

*Previte* at ¶ 19, quoting *Walsh* at 604.

{¶ 31} The *Previte* Court's observation of the limited authority and unusual circumstance that may negate service was dicta. Indeed, the *Previte* Court's holding had nothing to do with any finding that the statutory agent's interests were antagonistic to that of the company defendant. Instead, the *Previte* Court reversed the trial court's entry of default judgment against the company defendant due to the fact that the plaintiff in that case had named and served the statutory agent of the company as a separate party defendant and not as the statutory agent for the company. The *Previte* Court concluded that such service was insufficient to establish service of process of the lawsuit on the corporate entity for whom the defendant served as statutory agent. *Id.* at ¶ 20.

{¶ 32} Moreover, the facts of *Previte* are wholly inapposite to the case at hand. Here, unlike in *Previte*, the evidence established that the statutory agent for Visionary, Troutman, never actually received service in any capacity — a fact that the majority recognizes as its primary basis for affirming the trial court reversal of default judgment in this case. *See* majority at ¶ 23.

{¶ 33} I would not extend the *Previte* dicta as the majority does. The *Previte* Court was careful to identify the type of antagonism that could suffice to negate

service — situations where the statutory agent's interests align more directly with the plaintiff than the corporate entity for which it serves, such as where a statutory agent for a business entity represented the plaintiff in a lawsuit against the business entity. I disagree that the evidence presented by Stanich suffices to establish that Visionary's statutory agent, Troutman, maintained the type of antagonism toward Visionary necessary to invalidate service upon the company. As established by the majority, Stanich testified that Troutman and her mother were involved in an acrimonious divorce, that he had named Stanich personally as a third-party defendant in those divorce proceedings, and that she holds a belief that Troutman would not have informed her if he had received service of a complaint against Visionary. But Stanich's belief that Troutman would be antagonistic toward her personally, without more, does not serve to show that Troutman would also be antagonistic toward Visionary. I, therefore, would find that nothing was presented to demonstrate that Troutman harbored any antagonism towards the business entity Visionary, for which he served as the statutory agent.