[Cite as *Eastlake Milford, L.L.C. v. Jones*, 2025-Ohio-5638.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

EASTLAKE MILFORD, LLC, ET AL., :

    Plaintiffs-Appellees, :

                           No. 115082

v. :

GEORGE JONES, :

    Defendant-Appellant. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 18, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-996865

---

### *Appearances:*

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., David M. Cuppage, Lawrence R. Acton, and Taylor S. Mehalko, *for appellees*.

George Jones, *pro se*.

SEAN C. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Consistent with the purpose of an accelerated appeal, this court shall render a brief and conclusory decision. *Sholakh v. Shah*,

2025-Ohio-2533, ¶ 1 (8th Dist.), citing *Imani Home Health Care L.L.C. v. Visionary Group, L.L.C.*, 2025-Ohio-173, ¶ 1 (8th Dist.); *see also* App.R. 11.1(E).

{¶ 2} Defendant-appellant George Jones, pro se, appeals the trial court's decision granting the motion for summary judgment of plaintiffs-appellees Eastlake Milford, LLC, and Eastlake Edison, LLC, and awarding judgment against him. Upon review, we affirm.

{¶ 3} Under his first assignment of error, appellant claims "[t]he trial court erred in granting summary judgment against [him] where genuine issues of material fact remained in dispute, in violation of Civ.R. 56." Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12.

{¶ 4} In their complaint, appellees asserted claims against appellant for conversion of funds and civil theft. "'[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" *Disciplinary Counsel v. Squire*, 2011-Ohio-5578, ¶ 40, quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). "To succeed on a conversion claim, a plaintiff must show

'(1) * * * ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.'" *Cedar Creek Mall Props., L.L.C. v. Krone*, 2017-Ohio-7884, ¶ 11 (8th Dist.), quoting *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, ¶ 28 (8th Dist.). In a civil action for theft, the property owner may recover damages as specified under R.C. 2307.61(A). *See Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 70. A theft offense is defined in R.C. 2913.01(K) to include a violation of R.C. 2913.02, among other provisions. Relevant hereto, R.C. 2913.02(A) provides: "No person, with purpose to deprive the owner of property . . . shall knowingly obtain or exert control over . . . the property" "(1) Without the consent of the owner or person authorized to give consent; (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent; (3) By deception . . . ."

{¶ 5} The record herein shows that requests for admission were deemed admitted pursuant to Civ.R. 36 after appellant failed to answer them. Those admissions along with evidence submitted by appellees established that appellees were entitled to summary judgment on their claims. Among other facts, appellees established that after issuing a check with a print error and freezing the funds, they paid Allegiance Contracting Incorporated ("Allegiance") $40,500 with a replacement wire transfer. Thereafter, appellant and another individual, who are officers, directors, and/or shareholders of Allegiance, withdrew the initial funds in the same amount without appellees' permission. Although the other individual returned $20,250, appellant refused to return and wrongfully retained $20,250 of

the withdrawn funds after a demand letter was sent. The evidence showed appellant converted $20,250 of funds that are the rightful property of appellees. Appellees also established that appellant's actions constituted a theft offense under R.C. 2913.02(A)(1), (2), and/or (3), and appellees elected to pursue treble damages pursuant to R.C. 2307.61(A)(1)(b). Additionally, appellees demonstrated appellant acted with malice or aggravated or egregious fraud, and punitive damages were recoverable pursuant to R.C. 2315.21(C). Upon review, we find that appellees are entitled to summary judgment and that the trial court properly entered judgment in favor of appellees and against appellant with "compensatory damages in the amount of $20,250.00, and punitive and treble damages in the amount of $40,500.00, for total damages of $60,750.00, and interest at the statutory rate per annum from the date of judgment and the costs of [the] action." Appellant's first assignment of error is overruled.

{¶ 6} Under his second assignment of error, appellant claims "[t]he trial court erred by proceeding to judgment without affording [him] a fair opportunity to be heard, due to lack of service and notice, violating [his] due process rights."

{¶ 7} The record shows service was completed on appellant by regular mail on June 4, 2024, in accordance with Civ.R. 4.6(D). "Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of

nonservice." *In re K.J.*, 2023-Ohio-615, ¶ 17 (8th Dist.), citing *Hook v. Collins*, 2017-Ohio-976, ¶ 14 (8th Dist.).

{¶ 8} Appellant failed to rebut the presumption of proper service. Indeed, appellant appeared for a telephone hearing on October 10, 2024, he was granted leave to plead, and he filed an answer that shows the same address listed in the complaint. Other pleadings were sent by certified U.S. mail and regular mail to the same address. Nonetheless, appellant routinely failed to appear, he did not respond to discovery, and he did not oppose summary judgment. Appellant's assertions of notice being sent to an incorrect address and of the courts being closed due to a cyberattack were unavailing. As the trial court indicated, "notice went to the address defendant used in his answer," "Cleveland Municipal Court was closed due to a cyberattack but this did not affect the court of common pleas," and "the last two court dates that defendant missed were telephone calls not in person hearings." On appeal, appellant makes an unsupported assertion that his mailing address had known delivery issues, and he alleges a mistaken belief that the matter was in municipal court despite having filed his answer in the court of common pleas. Appellant fails to demonstrate, and the record does not show, any violation of due process occurred. Appellant's second assignment of error is overruled.

{¶ 9} Under his third assignment of error, appellant claims "[t]he trial court erred in holding [him] personally liable for funds he neither received nor controlled, without evidentiary support or findings of fact on individual

responsibility." Appellant's assertions regarding the corporate form are misplaced. As argued by appellees, appellant's personal conduct formed the basis for the conversion and civil theft claims, and he could be held personally liable. Further, the record shows that appellant was an owner and/or employee of Allegiance, and the admissions reflect that appellant received, had possession of, and retained control over the funds or a portion of the funds. Additionally, we note that appellant's brief fails to contain citations to authorities, statutes, and parts of the record to support his arguments as required by App.R. 16(A)(7). "In Ohio, 'pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes.'" *In re C.J.F.*, 2025-Ohio-4677, ¶ 13 (8th Dist.), citing *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.). Appellant's third assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR